ATLANTIC COAST LINE RAILROAD COMPANY *v.* ARANT.

In this case the charge was not properly adjusted to the pleadings and the evidence.

JUNE 22, 1915.

Trover.  Before Judge Thomas.  Echols superior court.  July 25, 1914.

R. L. Arant brought an action against the Atlantic Coast Line Railroad Company to recover 476 cypress cross-ties and 237 pine cross-ties, which the plaintiff alleged were his property, and had been wrongfully taken possession of by the defendant and converted to its own use.  The value of the property was alleged to be $294.70. The answer of the defendant denied the substantial allegations of the plaintiff's petition.  On the trial the evidence on behalf of the plaintiff showed, that he sold to the defendant cross-ties; that they were inspected, and those which were rejected were placed in a pile and marked with a red cross on the ends of the ties; that 713 rejected ties had accumulated beside the track of the defendant; and that they disappeared from that place.  There was other evidence tending to show that the employees of the railroad company were engaged at one time in carrying away cross-ties from the pile; and that, shortly after the rejected ties had disappeared, a witness found signs of their having been loaded on a train.  There was some evidence on behalf of the defendant, tending to show that there were not as many rejected ties as the plaintiff claimed, and some evidence as to the value of such ties.  The defendant admitted that 250 ties were taken, but denied that it took possession of more than that number.  The jury found for the plaintiff $192.51, with interest.  The defendant moved for a new trial, which was refused, and it excepted.  The following was the entire charge of the court; except the definition of preponderance of evidence, which was given in the language of the code: "Gentlemen of the jury:  You will find in favor of that party, plaintiff or defendant in the case, the one or the other with whom you find the preponderance of testimony lies upon the issues in the case which is submitted to you by the pleadings.  The plaintiff has brought suit against the defendant for the purchase-price of certain cross-ties which the plaintiff alleges were sold and delivered to the defendant.  In any event you will find in favor of the plaintiff for some amount.  It is left to you to determine just what amount;

36

and whatever your finding may be with respect to the amount, the form of your verdict will be: 'We, the jury, find in favor of the plaintiff,' stating the amount of dollars and cents principal, and also stating the amount of interest thereon from the amount you find to be due, calculated at seven per cent. from the date it ought to have been paid. You can calculate the interest and write it in your verdict, both principal and interest, and let your verdict be dated, signed by your foreman, and returned into court."

*Bennet & Branch,* for plaintiff in error. *E. K. Wilcox,* contra.

LUMPKIN, J. (After stating the foregoing facts.) ·The plaintiff brought an action to recover 713 cross-ties. He had been selling cross-ties to the defendant, which were inspected by an agent of the latter, and those rejected were piled beside the railroad track and marked with a red cross. After a considerable number of ties had been thus rejected and placed in a pile (the plaintiff contended that they aggregated 713), the ·defendant carried away a number of them. It admitted having taken 250; and the issues were how many of the cross-ties it had taken, and what was their value. The judge of the trial court, in some manner, misapprehended the· nature of the action on trial, and instructed the jury that "The plaintiff has brought suit against the defendant for the purchase-price of certain cross-ties which the plaintiff alleges were sold and delivered to the defendant." Doubtless this confusion grew out of the fact that the plaintiff was selling cross-ties to the defendant, and that those involved in the present action were rejected, but some or all of them were afterward carried away by the defendant. The' suit was not for their purchase-price under the contract of sale, but for their conversion after having been rejected. In the brief charge the instruction quoted above was the only one given by the judge as to the character of the case or the issues involved. He informed the jury that they should find in favor of the plaintiff for some amount, and report a verdict for the plaintiff for the principal, and also for interest at seven per centum "from the date when it ought to have been paid." These instructions were inapplicable to the case made by the pleadings and evidence; nor were apposite instructions given. It can not be said that the evidence so clearly demanded the verdict found by the jury that it should be sustained regardless of the error in the charge.

*Judgment reversed. All the Justices concur.*