SPAIN *v.* SPAIN.

No. 16123. MARCH 19, 1948.

*Quillian & Vandiver* and *Francis Fife,* for plaintiff in error.
*Howard, Tiller & Howard,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first, second, third and fourth special grounds of the motion for new trial complain of the following portions of the charge: (a) "Permanent alimony shall be granted in the following cases: first, in cases of divorce granted under the laws of this State on the grounds provided by the laws of this State; second, in cases of voluntary separation; third, where the wife against her will shall either be abandoned or driven off by her husband." (b) "Our law provides that a jury rendering a final verdict in a divorce suit may provide permanent alimony for the wife either from the corpus of the estate of the husband or otherwise according to the condition of the husband. It does not follow, however, that the divorced wife is entitled to alimony as of course, where her conduct has been grossly improper and caused her husband to obtain a total divorce. However, alimony is not necessarily barred where a divorce is obtained against a wife, but she is not entitled to it as of course where her conduct is grossly improper." (c) "The law permits you to award to her permanent alimony in gross; that is to say, in a lump sum to be paid out of the estate of the husband; or you may award permanent alimony in monthly or other periodical installments of so much a month, or periodically as you may deem reasonable and adequate; or you may, under the law of this State, do both; that is to say, find a verdict for a lump sum and, additionally, award also monthly or periodic allowance. If you award the plaintiff alimony, you may award her specific property, personal property, real property, or choses in action; any one or all."

Counsel for the plaintiff in error argue these special grounds together and state in their brief that they "deal with the one proposition; namely, that the court erred in presenting the issues of the case to the jury, in that the court misstated the contentions of the parties and also charged law that was not applicable to any issue in the case made by pleadings, contention of counsel, evidence or otherwise." In support of this insistence, the following cases are relied upon. *Hendricks* v. *Allen,* 128 *Ga.* 181 (1) (57 S. E. 224); *Atlantic Coast Line R. Co.* v. *Arant,* 143 *Ga.* 561 (85 S. E. 709); *O'Neal* v. *Ward,* 148 *Ga.* 62 (2) (95 S. E. 709); *Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499, 506

(5) (113 S. E. 545); and similar cases. Some of the decisions relied on were to the effect that, where an instruction might mislead the jury or prejudice them against the losing party, a new trial will be granted. Others were cases in which the trial judge misapprehended the nature of the action on trial.

The controlling issues under the pleadings and evidence in the present case were: (1) whether a divorce should be granted to the petitioner on the ground of cruel treatment; (2) whether permanent alimony should be awarded to the petitioner; and (3) whether permanent alimony should be awarded for the support of the minor child. In charging upon these issues, the court read to the jury practically the entire contents of the amended petition and the answer, which pleadings fully set forth the contentions of the parties, after which the court told the jury: "You will have these papers out with you and when you come to deliberate on this case, you can refer to them as often as necessary to inform yourselves with respect to the contentions of the plaintiff and the defendant."

In charging the excerpts complained of, the court was not stating the contentions of the parties. On the contrary, the court was instructing the jury generally on the law of divorce and alimony, and there is no insistence that the excerpts stated incorrect abstract principles of law. The criticism is that some of the principles were not adapted to the facts of this case.

The Code, § 30-210, the substance of which was read to the jury, declares three instances in which permanent alimony shall be granted. While the right to alimony was predicated on only one of the instances, namely the suit for divorce filed by the wife, and therefore it might have been possible to have omitted any reference to alimony in cases of voluntary separation, and such statements as "alimony is not necessarily barred where a divorce is obtained against a wife," yet under the pleadings and evidence, if there was any inaccuracy of expression in any of the court's language, it was not of such character as could have misled the jury or prejudiced them against the defendant. What is said above applies also to the instruction outlining the various methods by which the jury might award alimony. It is true the petitioner was only seeking to recover alimony in a

lump sum consisting of designated property. However, the fact that the jury did not award alimony to the petitioner in monthly or other installments shows that there was no confusion on their part in so far as this issue was concerned.

A reading of the entire charge makes it plain that the jury were given specific instructions covering all material issues in the case, and that the issues were fairly submitted to the jury. It follows that the excerpts from the charge were not erroneous for any reason assigned.

■ Special ground 5 excepted to the refusal of a timely written request to charge: "The plaintiff, Mrs. Spain, is not seeking to recover any bonds in this case on the ground that the bonds are her property, and you are not authorized under the pleadings and evidence in this case to find that any bonds that you have heard evidence in reference to, if you have heard evidence in reference to any bonds in this case, are the property of Mrs. Spain."

"A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be. cause for a new trial. *Etheridge* v. *Hobbs*, 77 *Ga.* 531." *Macon, Dublin & Savannah R. Co.* v. *Joyner*, 129 *Ga.* 683 (5) (59 S. E. 902); *Lewis* v. *State*, 196 *Ga.* 755 (3) (27 S. E. 2d, 659); *Smithwick* v. *State*, 199 *Ga.* 292 (7) (34 S. E. 2d, 28).

Under the pleadings and evidence in the instant case, there was no issue as to the present ownership of the bonds or whose money they were purchased with. The allegation is that while the defendant was in the Army he invested his money largely in the purchase of the bonds, to the neglect of adequate support for the petitioner and the minor child. The petitioner prayed that one-half of the bonds purchased by the defendant be awarded to her as permanent alimony. The defendant admitted purchasing the bonds, but denied that he had failed to support his wife and child. Since there was no issue as to the present ownership of the bonds, if the court had, as requested, instructed the jury that they were not authorized under the pleadings and evidence to find that the bonds were the property of the petitioner, this would have been a charge upon an issue that was not raised by the pleadings and evidence.

**416**

"Instructions of the court to the jury should be confined to the issues made by the pleadings in the case, even though both the plaintiff's and the defendant's counsel, in their arguments before the court and jury, may have treated the case as embracing other issues between the same parties." *Martin* v. *Nichols,* 127 *Ga.* 705 (2) (56 S. E. 995).

The request to charge in the present case failed to meet the above requirements, and the court did not err in refusing such request.

■ The evidence, though conflicting, was sufficient to authorize the verdict granting a divorce and alimony to the plaintiff wife, and the trial court did not err in denying the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*