37699.   TEMPLE *v.* CHASTAIN.

DECIDED JUNE 23, 1959.

*Harold A. Boggs, Erwin, Nix, Birchmore & Epting, Eugene A. Epting,* for plaintiff in error.

*R. Howard Gordon, Randall Evans, Jr.,* contra.

FELTON, Chief Judge.  The sole question for decision in this case is whether or not the evidence is sufficient to authorize a finding that the automobile driven by the defendant's minor son was a family purpose automobile, so as to render the defendant liable for any negligence of his son under the "family car doctrine."  It is conceded that the defendant was the owner of the automobile in question, that at the time of the collision producing the fatal injuries the car was being operated by the defendant's minor son for his own pleasure and that of his friends and that said son was a member of the defendant's house-

hold. Also, there is no contention that the son had been prohibited from using this automobile or that he used it contrary to any instructions by the parent.

The "family car doctrine" as applied in Georgia is that where one furnishes an automobile to members of his family for pleasure or convenience he is liable for injuries inflicted by the machine while it is being negligently operated by a member of the family for a purpose for which it was furnished, on the theory that the furnishing and using of the car for such purposes is the business of the one so furnishing it and the one operating it is the agent or servant of the one so furnishing it in the course of the business. *Durden* v. *Maddox,* 73 *Ga. App.* 491 (37 S. E. 2d 219) and cases cited. The defendant contends that this particular automobile was purchased by him for use in connection with his operations in the chicken business and not for the comfort, pleasure and convenience of his family, and it was therefore not a family purpose automobile. However, the plaintiff's husband testified that the defendant admitted to him after his son's death that he had purchased the car "to use in the chicken business and for his boys." There is also evidence indicating that the defendant's minor son had used the car on a number of occasions for fishing trips and other excursions to nearby localities. We are not dealing here with a case involving the isolated and infrequent use of a business vehicle for personal convenience. The evidence authorizes a finding that the automobile was maintained at least in part for the pleasure and convenience of certain members of the defendant's family; that it was furnished to the defendant's minor son for his pleasure and convenience on a number of occasions and that no special permission of the owner or anyone else connected with his business was required for such use. In *Belch* v. *Sprayberry,* 97 *Ga. App.* 47, 52 (101 S. E. 2d 870), this court stated: "We are asked to hold as a matter of law that because the vehicle in question was a truck instead of a passenger car it could not have been provided for the pleasure and convenience of the family. Such a conclusion would of necessity have to be drawn from experience rather than legal knowledge, and experience would dictate a contrary conclusion, especially in communities where many

a rural family depends upon a single truck as its means of transportation for both business and pleasure." The "family purpose doctrine" has been applied to "cars owned and maintained in a business carried on for profit, and to motor vehicles used for business as well as for the pleasure and convenience of the family . . ." 60 C.J.S. 1069, "Motor Vehicles" § 433 (b). The fact that the automobile in question may have been kept and maintained primarily for business use by the owner does not remove it from the operation of the "family car doctrine" when it is also regularly furnished to members of the owner's family for their pleasure and convenience.

The defendant also contends that he is not liable under the "family car doctrine" because this automobile was not maintained by him for use by members of his family generally, since his wife did not drive it on any occasion, but used another car. Assuming that the wife's failure to drive this car was a result of her husband's prohibition of its use and not simply the exercise of a choice upon her part, because of its odor, we nevertheless believe that this contention is without merit. Liability under the "family car doctrine" in this State rests upon the same principle of law as that governing principal and agent. *Johnson* v. *Brant*, 93 *Ga. App.* 44 (90 S. E. 2d 587). If the head of a family makes it his business to furnish a particular automobile for the pleasure and convenience of less than all of the members of his family to the exclusion of others, his liability for the negligent acts of such a favored member while operating the automobile so furnished is not affected by the failure to so furnish this automobile to other members of the family circle. The principle of liability is the same in both instances.

The evidence is therefore sufficient to authorize a finding that the automobile in question was a family purpose automobile and the court did not err in denying the defendant's motion for a judgment notwithstanding the mistrial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*