38607.   GRAIN DEALERS MUTUAL INSURANCE
COMPANY v. WHITE.

Decided March 7, 1961.

*Rogers, Magruder, Hoyt, Wright & Walther, Clinton J. Morgan,* for plaintiff in error.

*Jere F. White,* contra.

NICHOLS, Judge. ■ The defendant filed a special plea in which he alleged that the plaintiff took over the defense of

the prior actions against his will and paid the judgment and settled the companion case against his wishes, and therefore the plaintiff should be estopped from recovering any sum from the defendant. The trial court overruled a motion to strike such plea and the plaintiff excepts.

It is unnecessary to decide if such judgment was error for if such judgment was error it was harmless to the plaintiff. The defendant had alleged in his answer that any payment made by the plaintiff was made against the wishes and desires of the defendant, and no objection appears to have been made to such part of the answer. The evidence in support of the special plea would have been admissible under the answer. See *Day v. Case,* 78 Ga. 58 (1); *Clark v. Bandy,* 196 Ga. 546 (27 S. E. 2d 17); *Phillips v. Southern Ry. Co.,* 112 Ga. 197 (37 S. E. 418). *Overstreet v. W. T. Rawleigh Co.,* 75 Ga. App. 483 (2) (43 S. E. 2d 774).

■ The amended motion for new trial assigns error on the admission of evidence by the defendant, on direct examination by his attorney, to the effect that he was not operating the truck involved in the collision as a common carrier but was at such time hauling his own property. Prior to such time, the plaintiff having called the defendant for the purpose of cross-examination, the defendant testified: "at the time, in September of 1955, when the accident happened, I was only operating one truck as a common carrier for hire, and that truck that I was operating was the cab stake body truck that was described in that insurance policy." "The erroneous admission of evidence as to a certain fact is not cause for a new trial where the same fact was shown by other evidence of the same character to which no objection was made. *Arcady Farms Milling Co. v. Betts,* 93 Ga. App. 255 (91 S. E. 2d 289)." *G. Bernd Co. v. Rahn,* 94 Ga. App. 713, 722 (96 S. E. 2d 185). Accordingly, no reversible error is shown by this the only ground of the amended motion for new trial.

■ The sole remaining question for decision is whether the evidence demanded a finding for the plaintiff. The plaintiff, as pointed out in the foregoing statement of facts, is relying upon Rule 35 of the Public Service Commission and the endorse-

ment to the policy of insurance to support its position that the defendant is indebted to it in the full amount sued for.

The rule required, and the endorsement provided for, protection to the public for damages sustained "resulting from the negligent operation, maintenance or use of motor vehicles under certificates of public convenience and necessity." The first actions, the ones brought against the plaintiff and the defendant here alleged that White was a common carrier and held a certificate as such at the time of the collision on September 19, 1955. It did not allege that the truck owned by White, and involved in the collision, was being used as a common carrier at the time of such collision, and so much of the records of such cases as were introduced in evidence on the trial of the present case do not disclose that such issue was either made or decided in the prior actions. There was an issue made in the case sub judice as to which parties handled the defense of the prior actions but even assuming, as the plaintiff contends, that defendant was represented by counsel of his own choosing he could not have interposed a defense that he was not operating the truck involved in the collision as a common carrier, for his liability was based, not on the use of the truck as a common carrier, but on the use of the truck on the public highways by his employee in the scope of his employment.

Where the record shows that the plaintiff's evidence has not sustained the theory of the case set up in the pleadings and the evidence of the defendant is against the theory as laid by the plaintiff's pleadings, any verdict for the plaintiff is an illegal one. See *Western & Atlantic R. Co. v. Hunt*, 116 Ga. 448 (42 S. E. 785). The plaintiff's evidence in the present case did not support the theory made by its pleadings that the defendant was operating the truck in the course of his business as a common carrier, and the evidence of the defendant affirmatively showed that the truck was not being so used. The evidence did not demand a verdict for the plaintiff and the trial court did not err in overruling the plaintiff's motion for judgment non obstante veredicto or its motion for a new trial on the usual general grounds.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*