40049. SOUTHERN v. HUNT, by Next Friend.

DECIDED MAY 16, 1963—REHEARING DENIED JUNE 4, 1963.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for plaintiff in error.

*Grubbs & Prosser, J. M. Grubbs, Jr.,* contra.

JORDAN, Judge. 1. It is the sole contention of counsel for the defendant in arguing the general grounds of the motion for new trial that the evidence wholly failed to sustain the necessary finding that the automobile being used by the defendant's son at the time of the collision was a family purpose automobile. The evidence in this regard, however, disclosed that at the time of the occurrence complained of the defendant's son, a minor, was a member of the defendant's household; that the defendant had

furnished an automobile for the use, pleasure, comfort and convenience of his son; that the automobile regularly used by his son was a 1955 model vehicle; that on the occasion in question it was raining and the defendant instructed his son not to use the 1955 automobile since it had defective windshield wipers but to use a 1959 automobile also owned by the defendant; that this car was used by the son on this occasion for his pleasure, comfort and convenience; and that the son had used the 1959 automobile on other occasions for like uses. Under these circumstances the finding was fully authorized that the defendant had furnished a family purpose car for his son's use and that on the occasion in controversy the son was using the defendant's automobile as a family purpose car although it was not the vehicle regularly used for such purpose by the son. See *Temple v. Chastain*, 99 Ga. App. 719 (109 SE2d 897).

The case of *Marques v. Ross*, 105 Ga. App. 133 (123 SE2d 412), relied upon by counsel for defendant is not applicable here. In that case the finding that the automobile involved was not a family purpose car was predicated upon the fact that the son, a married adult who resided with his parents as a paying boarder, was not a member of the father's household and that the son owned his own automobile and had merely borrowed the father's car which was not provided for his pleasure, comfort and convenience.

The general grounds and special ground 6 which complained of an excerpt from the charge in which the court gave to the jury certain principles of law relating to the family car doctrine, as being unauthorized by the evidence, are without merit.

2. Special grounds 4 and 5 which assign error on an excerpt from the charge in which the court gave in charge to the jury the definition of ordinary care are without merit. While it is true as contended in these grounds that, this being a suit by a guest passenger, the standard of care required of the defendant was that of slight diligence and not ordinary care, it appears from an examination of the entire charge in this case that the instruction complained of was included therein in order to enable the jury to differentiate between ordinary negligence and gross negligence and that the court fully and specifically instructed the jury that

this case was one involving gross negligence as the test of the defendant's liability. This is made clear by the following excerpts from the charge: "Now this suit, ladies and gentlemen, is based by the plaintiff on the alleged gross negligence of the defendant. In other words, the plaintiff claims that this minor daughter, who he represents as next friend, was injured by the gross negligence of the defendant, Southern. . . I charge you when you come to pass upon the question of whether or not the defendant was grossly negligent in any way, you will be confined to those specifications in which the plaintiff alleged this negligence. . . Now this case is based upon the alleged gross negligence of the defendant; and it becomes necessary for you to understand what the law means by negligence. And negligence means simply the absence of or failure to exercise the degree of care required by the law to be exercised. . . In ordinary suits the standard of care is that of ordinary care. In this type case the requirement is not as great because of the fact that the party bringing the suit was a guest passenger in the automobile driven by the defendant. . . In this case I charge you, ladies and gentlemen of the jury, that the absence of slight diligence under the laws of Georgia amounts to gross negligence. . . Now, ladies and gentlemen, I charge you that your method of inquiry in this case will be . . . to determine whether . . . the defendant was guilty of gross negligence . . . [A]nd if you reach the conclusion that he was not guilty of any gross negligence in any of the acts charged and alleged as negligence, or if you believe that he was guilty of some of the acts of alleged negligence but that such acts of negligence did not constitute and amount to gross negligence, that would be an end to this case."

3. The remaining special ground complains that under the evidence in this case an issue was presented as to whether the injuries sustained by the plaintiff were permanent or temporary in nature and that the trial court erred in failing to instruct the jury in regard to the manner of ascertaining the damages, if any, to be awarded the plaintiff for future pain and suffering if they should find that the injuries to the plaintiff were temporary only. It is contended in this ground that the trial judge should have charged the jury without request substantially as follows:

"Gentlemen of the jury I charge you that, in the event you should find from the evidence in this case that the injuries to the plaintiff, if any, were temporary only, then I charge you that you should disregard the probable length of life of the plaintiff and award damages for her pain and suffering in the future, only for such time as you should find from the evidence that her injuries will last."

This ground is without merit. The record in this case discloses that the trial judge charged as follows on the issue of ascertaining damages for pain and suffering: "If you determine that she is entitled to recover through her father the question of pain and suffering is a legitimate item upon which damages may be awarded. You would determine what sort of injury she received, its character as to producing pain, the mildness or intensity of the pain, its probable duration, whether it has continued to this date, or whether it will continue in the future. And then desiring to be fair and just to both parties you would give to the plaintiff, if she recovers, just such sum as you feel would be fair compensation for such pain and suffering due to injuries received on this occasion."

The court's charge on this issue was sufficient to apprise the jury that they could award damages only for the duration of that time in the future in which they might find that the plaintiff would suffer due to the injuries received, the question of whether said injuries were temporary or permanent in character being left to the determination of the jury; and if more specific instructions in this regard were desired by the defendant, they should have been requested.

We have carefully examined the cases of *Seaboard Air-Line R. Co. v. Brewton*, 150 Ga. 37 (102 SE 439); *Western &c. R. v. Michael*, 42 Ga. App. 603 (157 SE 226); and *Atlantic Co. v. Taylor*, 82 Ga. App. 361 (61 SE2d 204), cited and relied upon by the defendant, and find that they do not authorize or require a different result from that reached here. In those cases the trial court charged the jury as to the measure of damages specifically applicable to a case where the injury was permanent; and it was held that, having so charged, it was the duty of the trial court, even without a proper request, to instruct the jury as to the

measure of damages that would be applicable if the injury were not permanent, where under the pleadings and evidence an issue was presented as to whether or not the injuries were permanent in nature. In the charge given in the instant case the jury was properly instructed to determine the nature, extent and duration of the injuries sustained by the plaintiff and to ascertain the damages to be awarded the plaintiff for pain and suffering based thereon.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*