43521. SOUTHERN RAILWAY COMPANY v. GORDONS
TRANSPORTS, INC.

Argued March 5, 1968—Decided April 10, 1968—
Rehearing denied May 3, 1968.

Edwards, Bentley, Awtrey & Parker, A. Sidney Parker, Matthews, Maddox, Walton & Smith, James D. Maddox, for appellant.

Long, Weinberg & Ansley, Sidney F. Wheeler, G. Robert Howard, for appellee.

Quillian, Judge. ■ Enumeration of error 1 contends that: "The trial court erred in overruling appellant's oral motion to

dismiss the cross claim of Gordons Transports, Inc., upon the ground that the Civil and Criminal Court of Cobb County did not have jurisdiction of an action in excess of $5,000. The statute conferring jurisdiction upon the Civil and Criminal Court of Cobb County provides in part: "The Civil and Criminal Court of Cobb County shall have all the jurisdiction as to subject matter now exercised by justices of the peace and justice courts in Georgia throughout Cobb County. In addition thereto, said court shall have jurisdiction 'to try and dispose of all civil and misdemeanor cases regardless of their nature, except cases of injury to the person in which the total amount sued for in the petition, including damages to property shall exceed $5,000, and except in cases involving injury to the reputation, concurrent with the superior courts, including not only suits as are commenced by petition and process or summons, but also all other kinds of suits or proceedings which are now or may hereafter be in use in the superior court of this county or justice courts, either under the common law or by statute, of which jurisdiction is not vested exclusively in other courts by the Constitution of the State of Georgia." Ga. L. 1964, p. 3211, as amended, Ga. L. 1965, p. 3313.

The appellant contends that the statute provides that the jurisdiction of the court is limited to $5,000 in all types of cases. With this contention we cannot agree. The statute provides that the court has unlimited jurisdiction as to the sum sued for in civil cases, except those which involve injury to the person in which case its jurisdiction is limited to $5,000 including any damages to property.

■ The petition alleged that the Southern was negligent: "in failing to maintain and keep in good order at plaintiff's expense, the crossing in question according to the spirit of the road laws, by giving a longer warning to vehicles on U. S. 278 of the approach of a train, said failure being in violation of Georgia Code § 94-503, constituting negligence per se or negligence as a matter of law on the part of the plaintiff." In charging the jury the trial judge read this allegation of negligence to the jury and counsel excepted. *Code* § 94-503 provides: "All railroad companies shall keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by

their several roads, and build suitable bridges and make proper excavations or embankments, according to the spirit of the road laws."

Counsel for Gordons contends that the allegation of negligence was supported by evidence because "the crossing in question was equipped with flashing red lights and a warning bell; that Gordons' driver stopped on the crossing for a red traffic light before the warning bells and lights came on; that when the signals started he immediately began to move his truck off the crossing; but that the train arrived and the collision occurred before defendant's driver could clear the track. Additionally, it was shown that only twenty-three to twenty-five seconds elapsed between the time the warning lights and bells were activated and the time a locomotive reached the crossing." He argues that the time interval between the time the warning lights and bells were activated and when the locomotive reached the crossing was too short and this resulted in the crossing not being maintained in good order as required by *Code* § 94-503.

It should be noted that *Code* § 94-503 refers to the railroad company's duty to keep the roads and bridges at grade crossings in good order and that it shall make proper excavations or embankments according to the spirit of the road laws. The allegation that Southern was negligent in failing to give a longer warning to vehicles that the train was approaching did not bring the averment within the purview of the statute, and did not constitute an allegation that the road at the crossing was not in good order or that the proper excavations or embankments had not been made.

There being no evidence that Southern had not complied with the requirements of *Code* § 94-503 the charge was error. *Dixie-Ohio Express, Inc. v. Brackett*, 106 Ga. App. 862, 874 (128 SE2d 642); *Malone v. City of Rossville*, 107 Ga. App. 271, 273 (129 SE2d 563).

■ Error is assigned because the trial judge during his charge read *Code* § 94-506 as amended by Ga. L. 1947, p. 479, to the jury. That statute provides in part that the railroad company shall erect blowposts 400 yards from a crossing and that the engineer operating the train shall blow the whistle when he reaches the blowpost as a signal of approach to said crossing. The court

further instructed the jury: "The law provides that if the defendant recovers in this case, it must recover upon some one or more of the allegations of negligence or negligence per se which the court instructed you to consider. The defendant, however, in order to recover is not required to prove every allegation of negligence which you are authorized to consider. If the defendant proves by the evidence that the plaintiff was negligent as charged in one or more of such allegations of negligence or negligence per se, this would be sufficient proof of negligence."

The collision in the case sub judice occurred within the corporate limits of Austell, Georgia, and under the provisions of *Code* § 94-507, when the grade crossing is within a municipality, the railway is relieved of the duty of erecting blowposts and is not required to blow the whistle of its engine when approaching a crossing. Hence, under the facts of this case it was error to charge *Code Ann.* § 94-506 and instruct he jury that the violation of the same would constitute negligence per se.

While it is true the court also read *Code* § 94-507 to the jury, "When the court gives in charge to the jury an erroneous instruction tending to mislead them as to the law on a material issue in the case, the fact that a different and correct instruction as to the same matter is given in another part of the charge will not nullify or cure the error." *Central of Ga. R. Co. v. Deas,* 22 Ga. App. 425 (3) (96 SE 267); *Citizens & S. Nat. Bank v. Kontz,* 185 Ga. 131 (2) (194 SE 536).

■ The appellant's enumeration of error 5 reads: "The trial court erred in giving in charge sub-section (g) of paragraph 23 of the defendant's answer alleging the plaintiff was guilty of negligence 'in failing to pass the information concerning the position of plaintiff's truck to the locomotive engineer by radio located at plaintiff's depot when said radio was present and available for plaintiff's use.'"

Counsel for Gordons contends that the charge was authorized by the evidence because Southern's clerk at the station near the crossing where the collision occurred, after he saw Gordons' truck on the track, should have informed the locomotive engineer of its dangerous location.

The evidence reveals that the clerk was not aware of the

truck's location until he left the station and looked up the track, that he immediately ran back into the station to the radio, and that as he was going to the radio he heard a series of short blasts from the train's whistle which "indicated that there is danger, that there are persons or livestock on the track, or that there is extreme danger." When he reached the transmitter, he picked it up and then put it back because he did not have time to do anything else; if he had taken any more time he could not have saved himself if the cars had overturned; he saw paint cars coming around the curve and he knew they contained chemicals; he then ran out the back door of the station.

Under these circumstances the evidence demanded a finding that the station clerk's action in failing to reach the radio and inform the locomotive engineer of the truck's location was not negligence. The trial judge erred in submitting this issue to the jury.

■ The remaining enumerations or error are without merit.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*