## 43861. ATLANTIC COAST LINE RAILROAD COMPANY et al. v. GROVER.

HALL, Judge. The defendant appeals from a judgment against it upon a verdict of $65,000 and from the overruling of its motion for new trial.

1. The first four enumerations of error contend that the trial court erroneously admitted certain opinion testimony of State patrolmen and a sheriff to which the defendant objected at the trial. The admission of this evidence, if error, does not require the grant of a new trial because the defendant elicited

testimony substantially to the same effect on cross examination of the same witnesses and did not object to testimony comparable in import by another witness. *Chatham Amusement Co. v. Perry,* 216 Ga. 445, 449 (117 SE2d 320); *Rabun v. Wynn,* 209 Ga. 80, 83 (70 SE2d 745); *Fluker v. State,* 184 Ga. 809 (193 SE 749); *Simmons v. State,* 34 Ga. App. 163, 164 (128 SE 690); *Southeastern Greyhound Lines v. Hancock,* 71 Ga. App. 471, 472 (31 SE2d 59); *Kell v. Hunter,* 84 Ga. App. 792, 795 (67 SE2d 597); *King v. Sharpe,* 96 Ga. App. 71, 79 (99 SE2d 283); *Lumbermen's Underwriting Alliance v. First Nat. Bank &c. Co.,* 100 Ga. App. 217, 222 (110 SE2d 782); *Grain Dealers Mut. Ins. Co. v. White,* 103 Ga. App. 260, 262 (119 SE2d 38); *Atlantic C. L. R. Co. v. McDonald,* 103 Ga. App. 328, 340 (119 SE2d 356); *Chandler v. Alabama Power Co.,* 104 Ga. App. 521, 525 (122 SE2d 317), reversed on other grounds, 217 Ga. 550 (123 SE2d 767); *Williams Bros. Grocery Co. v. Blanton,* 105 Ga. App. 314, 316 (124 SE2d 479); *American Family Life Ins. Co. v. Glenn,* 109 Ga. App. 122, 124 (135 SE2d 442); *General Gas Corp. v. Whitner,* 110 Ga. App. 878, 879 (140 SE2d 227).

2. The fifth enumeration is that it was error for the trial court to sustain the plaintiff's objection to the defendant's asking the plaintiff on cross examination whether the plaintiff and his brother had a suit pending for the death of their father (the present suit being for the death of the plaintiff's mother). The plaintiff contends that the testimony sought by this questioning was proper to show the interest of the witness. The fact that the witness was the plaintiff in this case establishes his interest and adverse position to the defendant whether or not he had an interest in another suit against the defendant. We cannot see that the refusal to permit this questioning of the plaintiff was harmful or that the trial judge abused his discretion in refusing to permit questioning to show further the plaintiff's interest, bias, or feeling. See *Sasser v. State,* 129 Ga. 541, 548 (59 SE 255); *Loomis v. State,* 78 Ga. App. 336, 354 (51 SE2d 33); 98 CJS 495, § 556.

3. The sixth enumeration contends that the court prejudicially erred in denying the defendant's motion for mistrial and failing to comply with the defendant's request to admonish plaintiff's counsel for repeatedly attempting to elicit from a witness her opinion or statement as to what was needed to protect the crossing, and then upon objection withdrawing

the question. The record shows that defendant's counsel moved for mistrial "because counsel has deliberately put before this jury the very thing he knows is illegal." The court overruled the motion. The defendant's counsel then said, "I ask that Your Honor then admonish counsel not to try to get before this jury evidence that Your Honor has—was ruling—or he withdrew it when I say in my opinion that he knew it was not admissible." Plaintiff's counsel then interposed, "Now, Your Honor, may I say. . ." The court then said, "All right. I've already ruled on it. I don't want to hear any more about it. Go ahead with your examination." Both counsel then stated that they were through with the witness. Even if it be assumed that the questions of plaintiff's counsel were improper the record does not show that the trial court abused its discretion in overruling the grounds of the defendant's motions for mistrial and admonition of counsel. *Hicks v. State,* 196 Ga. 671, 674 (27 SE2d 307) ; *Fievet v. Curl,* 96 Ga. App. 535, 537 (101 SE2d 181) ; *Royal Crown Bottling Co. v. Bell,* 100 Ga. App. 438, 443 (111 SE2d 734).

4. Enumerations of error 7 through 9 contend that the court inapplicably charged the provisions of *Code* §§ 94-503 and 94-504, respecting the duty of railroad companies to keep their crossings, rights of way at crossings, and approaches thereto in good order for a traveler to get on and off the crossing safely and conveniently. We do not agree with the defendant's contention that this law does not embrace a duty to keep the right of way and approaches clear of obstructions to a motorist's view of the crossing. In view of the evidence that there was vegetation in the right of way near the crossing that obstructed the view of a motorist approaching the crossing, the court did not err in giving these charges to the jury. *Atlantic C. L. R. Co. v. Spearman,* 42 Ga. App. 536, 540 (156 SE 824). This is not inconsistent with the decision in *Southern R. Co. v. Gordons Transports,* 117 Ga. App. 740, 742 (161 SE2d 879). The opinion in that case states that there was no evidence of a failure to comply with the Code sections, supra, and evidence of a different kind was held not to support a charge of this law.

5. The charges complained of in Enumerations 10 and 11, respecting the law requiring a motorist to stop before crossing a railroad (Ga. L. 1953, Nov. Sess., pp. 556, 593; *Code Ann.* § 68-1661), were not error or harmful as contended by the

defendant. *Homasote Co. v. Stanley,* 104 Ga. App. 636, 639 (122 SE2d 523) ; *Flannigan v. Reville,* 107 Ga. App. 382 (130 SE2d 258) ; *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917) ; *Garner v. Sharp,* 111 Ga. App. 47, 48 (140 SE2d 511). *Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 5, 1968—DECIDED OCTOBER 2, 1968— REHEARING DENIED OCTOBER 25, 1968—

*Bennett, Pedrick & Bennett, Larry E. Pedrick, Wilson G. Pedrick,* for appellants.

*Leon A. Wilson, II, Benjamin Smith, Jr.,* for appellee.