62906. VALDOSTA HOUSING AUTHORITY v. FINNESSEE.

DEEN, Presiding Judge.

The plaintiff Bridgette was a 2-1/2 year old infant living with her mother in the appellant's housing project when she was bitten on the finger by a rat. Defendant appeals from a verdict and judgment awarding $10,000 compensatory but specifically denying punitive damages.

1. An award for future pain and suffering need not be reduced to present cash value. *St. Paul Fire &c. Ins. Co. v. Dillingham,* 112 Ga. App. 422, 424 (145 SE2d 624) (1965). "Anxiety or worry proximately attributable to an injury is recoverable. So is mental distress caused by impairment of the enjoyment of life. *Underwood v. Atlanta & West Point Railroad Company,* 105 Ga. App. 340, 124 SE2d 758, 218

Ga. 193, 126 SE2d 785." Aretz v. United States, 456 FSupp. 397, 402. "It is not necessary that there should be direct evidence that the plaintiff will suffer pain in the future, but the jury are entitled to draw all such inferences from the evidence as are justified by the common experience and observations of mankind. The only measure of such damages is the enlightened conscience of an impartial jury." *Ga. Power Co. v. Braswell,* 48 Ga. App. 654, 660 (173 SE 763) (1933). Where negligence and damages are established, the care required of a child of tender years is only such as its mental capacity fits it for, and a child of four or less is conclusively presumed to be incapable of contributory negligence. *Williams v. Jones,* 26 Ga. App. 558 (2) (106 SE 616) (1921).

It is strenuously contended in this case that the award of $10,000 as compensatory damages is excessive and without supporting evidence. We agree that the amount cannot be sustained unless it is justifiable for future pain and suffering, since the infant had only one visit for medical care at a total cost of $28.00 and, so far as appears, no permanent physical injury or disfigurement. There was nevertheless evidence that the bite caused blood, that the child cried and screamed, was upset and afraid of being bitten again, and that, at the time of trial 45 months later she still cries, retains her fear of rats, and "is all upset." We must then concede that future mental suffering is compensable, and that whether the effects of the injury are temporary or permanent remains a jury question. *Southern v. Hunt,* 107 Ga. App. 876, 879 (132 SE2d 132) (1933), and see *Brock v. Cato,* 75 Ga. App. 79, 82 (42 SE2d 174) (1947). "Direct evidence as to mental suffering is unnecessary in order that there may be an award therefor." *Ga. Power Co. v. Braswell,* 48 Ga. App. 654, 660, supra. The remaining question, then, is whether under this evidence the verdict is excessive as a matter of law, or, as stated in Code § 105-2015, "so excessive as to justify the inference of gross mistake or undue bias." It must, in fact, be so exorbitant and flagrantly outrageous as to shock the moral sense; it must "carry its death warrant upon its face." *Central of Ga. R. Co. v. Nash,* 150 Ga. App. 68, 71 (256 SE2d 619) (1979). Excessiveness, as stated in *St. Paul Fire. &c. Ins. Co. v. Dillingham,* 112 Ga. App. 422, 425, supra, is a mistake of fact, not law, and as such addresses itself to the discretion of the trial judge. While none of the cases cited here are as devoid of evidence of significant physical injury as the present case, the rule of law remains the same, and we cannot say this record is totally lacking in evidence that the incident did leave long term or lasting marks upon the young plaintiff's psyche.

2. The evidence as to the landlord's prior knowledge of the rat infestation and failure to take proper steps to stop up a hole left by

plumbing repairmen is in sharp dispute. There is sufficient evidence of negligence to support a verdict in favor of the plaintiff. The third enumeration of error is without merit.

3. In the remaining enumeration the appellant complains, on the ground of lack of supporting evidence, of an instruction to the effect that "a landlord may not waive, assign, transfer or otherwise avoid in any contract, lease, license agreement or similar agreement, oral or written, for the use or rental of real property as a dwelling place any of the rights, duties or remedies contained in the provisions of law relating to duties of a landlord as to repairs and improvements and relating to the liability of the landlord for failure to repair." The charge is taken from Code § 61-102 (b), and the defendant's objection is that there is no evidence of any attempt to waive, assign, transfer, or otherwise avoid in the lease contract any of its duties as a landlord regarding repairs to the property.

Thus, the objection on the ground that the instruction was not adjusted to the pleadings or evidence in the case is well taken. "[I]t is error to charge upon any issue which is not supported by evidence." *Investors Syndicate v. Thompson,* 172 Ga. 203 (2-b) (158 SE 20) (1930); *Jacks v. Lambert,* 111 Ga. App. 763 (1) (143 SE2d 215) (1965). We cannot in view of the closeness of the issues in this case consider the error harmless. The lease was in evidence and had a number of printed provisions in small type which if read might well not have been understood by the jury. "[W]hen an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this court will so hold unless it appears from the entire record that the error is harmless." *Barton v. State,* 79 Ga. App. 380, 387 et cit. (53 SE2d 707) (1949). An error in jury instructions is not rendered harmless by later correct instructions unless the incorrect principle is expressly retracted. *Bracewell v. Bracewell,* 111 Ga. App. 759 (143 SE2d 10) (1965); *Southern R. Co. v. Gordons Transports,* 117 Ga. App. 740 (161 SE2d 879) (1968). It is a good objection to an instruction that it is not properly adjusted to the pleadings and evidence in the case. *Atlantic C. L. R. Co. v. Arant,* 143 Ga. 561 (85 SE 709) (1915). The objection to the charge was thus properly made at the conclusion of the charge in the trial court and is properly argued in this court on the ground that the reason the charge is not adjusted to the issues in the case is that there is no evidence of any attempt on the part of the defendant to avoid its duties to repair in the lease contract or by setting up a waiver or transfer of its obligations, etc. (this being the part of Code § 61-102 which might, if supported by evidence, have been pertinent to issues raised in the case). We cannot, under these circumstances, hold the jury instruction to have been harmless.

*Judgment reversed. Banke and Carley, JJ., concur.*

Decided October 26, 1981 —
Rehearing denied December 1, 1981 —

*O. Wayne Ellerbee,* for appellant.
*Booker T. Edmonds,* for appellee.