# A89A0172. RODDENBERY FARMS, INC. v. LEVERICH

### (384 SE2d 243)

POPE, Judge.

The issue presented on appeal is whether the trial court erred in failing to grant appellant's motions for directed verdict and judgment notwithstanding the verdict. Appellant's motions were predicated on its belief that appellee failed to prove damages. Appellee brought this action contending damage to his property from water diverted onto his land by appellant. Appellant argues that the case was tried on the theory of trespass pursuant to a pre-trial stipulation and that appellee was thus compelled to prove the diminution in value of the property from the fair market value before the trespass and the fair market value after the trespass. See *Allgood Rd. &c. Church v. Smith*, 173 Ga. App. 28 (2) (325 SE2d 392) (1984). Appellee argues that the case was one of continuing nuisance. In support of this, he points to a previous appeal in this case in which the Supreme Court reversed summary judgment in favor of appellant. *Leverich v. Roddenbery Farms*, 257 Ga. 731 (363 SE2d 543) (1988). In that case, the Supreme Court held that Leverich's action was one for continuing nuisance and thus governed by the four-year statute of limitation contained in OCGA § 9-3-30. In a case of continuing nuisance, the plaintiff need not prove diminution in fair market value; rather "he may recover any special damages whether the injury is of a temporary or a permanent nature. [Cits.] Unlawful interference with the right of the owner to enjoy possession of his property may be an element of damages. [Cit.] The measure of damages for 'discomfort, loss of peace of mind, unhappiness and annoyance' of the plaintiff caused by the maintenance of a nuisance is for the enlightened conscience of the jury. [Cit.]" *City of Columbus v. Myszka*, 246 Ga. 571, 573 (272 SE2d 302) (1980). *Held*:

The pre-trial stipulation was entered by the parties and signed by the court in April 1988. The Supreme Court decision in this case was rendered in January 1988. Although Paragraph 3 of the pre-trial stipulation addresses plaintiff/appellee's allegation of trespass, it does not purport to replace or supersede the pleadings in the case or to preclude a recovery on any other allegation asserted in the pleadings, nor does the order of the trial court accepting the stipulation do so. Nor does it purport to alter the Supreme Court's holding. As we read Paragraph 3, its thrust is to have the plaintiff elect to sue for both past and future damages as set out in *Cox v. Cambridge &c. Houses, Inc.*, 239 Ga. 127, 129 (236 SE2d 73) (1977). In its charge, the trial court referred to the "recast complaint" and sent the pleadings out with the jury. Appellant made no objection to this. We find that the issue of continuing nuisance was not precluded by the pre-trial stipulation and that the evidence supports the award of damages.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JULY 6, 1989.

*Langstaff & Plowden, Robert B. Langstaff,* for appellant.
*Ronnie J. Lane,* for appellee.