A98A0194. WOODMEN OF THE WORLD, UNIT NUMBER 3 et al. v. JORDAN.
(499 SE2d 900)

Judge Harold R. Banke.

D. L. Jordan sued Woodmen of the World, Unit Number 3 ("Unit 3") and Woodmen of the World Life Insurance Society ("Society"), seeking an injunction for a continuing nuisance and damages. After the jury returned a plaintiff's verdict of $25,000 and the court issued

a permanent injunction, the Society and Unit 3 commenced this appeal, enumerating four errors.

This case arose after Jordan purchased property from Unit 3. Jordan's property adjoined Unit 3's offices and its lodge, which was periodically leased for wedding receptions and other functions. In conjunction with the sale, the parties entered into an agreement granting Unit 3 a driveway easement and parking rights on nights and Sundays in a specified area of Jordan's property "as long as such right does not interfere with Jordan's use" of the tract. This arrangement worked well for Society meetings and their Bingo games, but Jordan objected to the debris created by customers of Unit 3's lessees, such as fraternities and nightclub operators, and the problems of ingress and egress such activities imposed on his own tenants. After numerous complaints to Unit 3 over a three-year period, Jordan commenced this action. Jordan then amended his complaint to add the Society as a party, alleging it controlled and managed Unit 3's property through its agents. *Held*:

1. The Society argues that it was entitled to a directed verdict because the undisputed evidence showed that it had no authority or control over Unit 3's property.[1] We disagree.

An agency relationship arises when an entity, expressly or by implication, authorizes another to act for it or subsequently ratifies the other's act on its behalf. OCGA § 10-6-1. " 'A claim of agency may be proved, as any other fact, by circumstantial evidence. . . . The fact of agency may be established by proof of circumstances, apparent relations, and the conduct of the parties.' [Cit.]" *Nissan Motor &c. Corp. v. Stovall Nissan*, 224 Ga. App. 295, 298 (1) (480 SE2d 322) (1997). The threshold for showing agency in this procedural posture is low, and any factual support will suffice. See *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476 (1) (491 SE2d 909) (1997).

Here, the record showed that Michael Yelverton, a Society employee, was active in managing the property at issue. He testified that the Society was lienholder of the property and financed the building of the lodge. Yelverton denied any affiliation with Unit 3, but testified that his office was located on the property at issue rent-free. The record shows that he hired field representatives for the Society, authored Unit 3's annual report for the Society, mowed the grass and performed general maintenance at the lodge.

Identifying himself as the area manager of Woodmen of the World, Yelverton responded to Jordan's complaints by contracting for security services to prevent any trespassing on Jordan's property

---

[1] Notwithstanding the potential for conflict inherent in this argument, this appeal is asserted jointly by the Society and Unit 3.

when the lodge was in use. He also admitted to preparing a rental agreement with a lessee of the lodge. During the function the lessee held, a teen dance, Yelverton visited the premises to assure that security was provided.

Jordan testified that he appealed to Yelverton "any number of times" to stop abusing the agreement. When Jordan got midnight complaints from his tenants, he relayed his threats of legal action to Yelverton and his predecessor managers. Jordan testified that Yelverton promised that no more parties would be held at the lodge, but he reneged. The testimony that the Society exercised no control over Unit 3 and Yelverton's claim that he sought Unit 3's permission before initiating any action on the lodge are insufficient to take the issue from the jury.[2] *Peterson v. First Clayton Bank &c.*, 214 Ga. App. 94, 100 (1) (447 SE2d 63) (1994) (questions of agency are ordinarily for the trier of fact).

2. The Society and Unit 3 maintain that the denial of their motion for a reduction in the verdict was error, arguing that the amount of damages did not conform to the evidence. The jury awarded Jordan $25,000 in general damages and specifically declined to award punitive damages.

In a nuisance action, recovery is authorized for damage to both person and property. OCGA § 41-1-4; *City of Atlanta v. Murphy*, 194 Ga. App. 652, 653 (1) (391 SE2d 474) (1990). "Unlawful interference with the right of the owner to enjoy possession of his property may be an element of damages." (Punctuation omitted.) *Roddenbery Farms v. Leverich*, 192 Ga. App. 153 (384 SE2d 243) (1989). The measure of damages for discomfort, disrupted peace of mind, unhappiness and annoyance caused by a nuisance is for the enlightened conscience of the jury. Id. *Light v. Mason*, 225 Ga. App. 260, 261 (2) (483 SE2d 685) (1997).

Here, the trial court gave the general pattern charge on damages and charged on both nominal and general damages. Suggested Pattern Jury Instructions, Vol. I: Civil Cases (2nd ed. 1991), p. 79. As given, the charge did not preclude damages for discomfort, disrupted peace of mind, unhappiness and annoyance. None of the parties excepted or reserved objections to the charge. *Smith v. State*, 268 Ga. 42, 43 (2) (485 SE2d 189) (1997) (failure to object or reserve objections ordinarily waives right to raise issue on appeal). Because the jury heard evidence of Unit 3's interference with Jordan's right to enjoy possession of his property and his discomfort and annoyance and the unobjected-to jury form specifically authorized general dam-

---

[2] The Society's argument is further undermined by the fact that the same counsel represented them both at trial and in this appeal.

ages, we cannot say the trial court abused its discretion in rejecting the claim of excessiveness. *Leverich*, 192 Ga. App. at 153; *Valdosta Housing Auth. v. Finnessee*, 160 Ga. App. 552, 553 (1) (287 SE2d 569) (1981); see *Southern Cotton Oil Co. v. Thomas*, 155 Ga. 99, 108 (8) (117 SE 456) (1923) (power to set aside award should be "very sparingly used").

3. The Society and Unit 3 contend that the decision to overrule their objection to Jordan's Request to Charge No. 9 as confusing requires reversal. We disagree.

The charge stated, "though an act may be lawful, if, by reason of its location in a particular place it damages the property of another it is a nuisance." As we read it, this charge implicates both parking and littering, acts rendered unlawful by the location in which they are committed. See OCGA § 16-7-43 (a) (3). Because this is a correct statement of the law, "sufficiently clear to be understood by jurors of ordinary capacity," and supported by the evidence, we see no error.[3] *Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 223 (9) (489 SE2d 329) (1997); *Gatewood v. Hansford*, 75 Ga. App. 567, 570 (44 SE2d 126) (1947); see also *Galaxy Carpet Mills v. Massengill*, 255 Ga. 360 (1) (338 SE2d 428) (1986). Notwithstanding the appellants' contention to the contrary, we see nothing in the charge which provides the jury with an additional ground for awarding damages.

4. The trial court did not abuse its discretion in sustaining Jordan's relevance objection to Wanda Watford's testimony. *Jeffers v. State*, 263 Ga. 133, 134 (2) (429 SE2d 519) (1993). Watford's testimony about parking problems which occurred two years after the actions at issue at another property Jordan owned was of marginal, if any, relevance. Nothing in her testimony directly impeached Jordan, who professed his ignorance of parking problems at the other property.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 24, 1998.

*Self, Mullins, Robinson, Marchetti & Kamensky, Lucius M. Layfield III*, for appellants.

*Grogan, Jones, Rumer & Gunby, Lee R. Grogan*, for appellee.

---

[3] The record showed that the parking blocked Jordan's tenants' ingress and egress to the point that they were threatening to leave.