## 1846. EDERHEIMER, STEIN & CO. *v.* CARSON.

1. The letter relied on by the defendant as a release of liability was not adequate for that purpose.
2. The evidence demanded a verdict in the plaintiffs' favor.

Attachment; from city court of Tifton—Judge Eve.    March 27, 1909.

Submitted June 10, 1909.—Decided January 21, 1910.

*W. J. Wallace, J. B. Murrow, J. J. Murray,* for plaintiffs.

*Fulwood & Murray,* for defendant.

POWELL, J. Carson ordered a bill of goods from Ederheimer, Stein & Company, consisting of clothing for the spring trade. The bill, under the terms of purchase, was to have been shipped "as near as possible to February 1st." The goods were delivered to the transportation company on March 15. They arrived at destination on or by April 1, and Carson was notified by the railroad agent on that date and on two subsequent dates thereafter that there was a box at the depot for him, but the notice did not give the name of the consignor; and Carson testified on the trial that he did not know that this was the shipment from the plaintiff, that he was expecting it to come by another route. After some correspondence had taken place between the parties, in which the shippers had notified Carson to make a claim against the carrier, and after he had stated several times in the correspondence that the goods had never arrived, they finally wrote him on August 14, as follows: "Although it is a well-established rule that merchandise delivered to a transportation company is at consignee's risk, we realize that it might inconvenience you to pay for the merchandise invoiced on March 14, which you tell us was not received, and have therefore consulted with one of the claim agents of the Illinois Central Railroad Company here and received permission from him to allow us to take the matter up at this end. This is an unusual procedure, and we are pleased that we will be able to handle it and thus relieve you of the responsibility which would also entail the payment of the bill to us. We may possibly be obliged to call upon you a little later on for a statement of the affair, that is, date upon which the merchandise was offered to you for delivery, although we expect your letter of July 15 would finally cover this, and we may not need other details. Trusting that our action will

meet with your approval, we remain," etc. Carson never replied to this letter. Finally, when it became known that the goods were not lost, but had arrived at destination prior to April 1, Ederheimer, Stein & Company instituted suit against Carson for the price of the goods; and the jury on the trial returned a verdict in favor of the defendant. Carson admitted on the trial that the goods would have come in time for his purpose if he had received them on April 1. The headnotes cover the case.

*Judgment reversed.*