*Calhoun & Rambo,* for defendant.

---

## WADLEY SOUTHERN RAILWAY COMPANY *v.* KENNEDY.

1. An immaterial and unprejudicial misstatement of a party's contention in the court's summary will not require a new trial.
2. The charge copied in the second division of the opinion was not open to the criticism that it contained an expression of opinion on the facts.
(*a*) The rule of law requiring railroad companies to exercise extraordinary diligence in protecting their passengers from injury applies as well to the construction and maintenance of tracks as to the operation of cars thereon.
3. The verdict is supported by the evidence, and is not excessive in amount.
JUNE 17, 1911.

Action for damages. Before Judge Rawlings. Johnson superior court. January 10, 1910.

*R. L. Gamble,* for plaintiff in error.

EVANS, P. J. The Wadley Southern Railway Company constructed a side-track upon its main line to serve the interests of a patron of the road, who was operating a sawmill. The railroad company delivered empty cars and received the loaded cars on this siding, which was protected by a switch. The keys to the switch were carried by the employees of the railroad company. The employees of the sawmill firm forced out a staple in shifting the cars on the side-track, for their convenience, and left the switch in an unclosed condition; and a passenger-train ran into the switch and collided with the freight-cars, and the shock of the collision threw the plaintiff, a passenger, against a forward seat, loosening her teeth and otherwise injuring the jaw. The same train had passed along at this point at two o'clock, and was on its return trip at about seven o'clock, after dark, when it ran into the open switch. The switch was not protected by any light or other device to warn the engineer or others upon the train whether it was open or closed. The plain-

tiff recovered a verdict for $1,500, which the court refused to set aside on motion.

1. It is complained that the court, in the summary of the railroad's contentions, stated that the switch was left open by a party unknown. Error is assigned upon this statement of the contention, because the evidence showed that the switch was opened and left open by the employees of the lumber company, without authority of the defendant and without its knowledge. The erroneous statement by the court that the defendant contended that the switch was left open by an unknown person, when in fact the contention was that it was left open by an employee of the lumber company, could not have harmed the defendant. The carrier was insisting that it was not liable, because of the act of an unauthorized person, and whether the name of that person was known or unknown was immaterial to the actual defense set up.

2. The court charged: "On the other hand, I charge you, if you find from all the facts and circumstances of the case that the defendant company constructed this side-track used by certain parties for the purpose of loading cars along its line for the purpose of transportation over its railway, and such parties using said switch left said switch open, negligently, and it was known to the defendant company, or could have been ascertained by them by the exercise of extraordinary care and diligence, and it was not ascertained, and they failed to exercise such care and diligence, and the wreck occurred in that way, then I charge you that that was negligence on the part of the defendant company." This instruction is alleged to be erroneous, because it was an expression of opinion that the enumerated facts and circumstances constituted negligence, and because it imposed upon the carrier the duty of exercising extraordinary care and diligence in the discovery of the open switch. It was but a concrete statement of the principle that the failure to exercise due care constitutes negligence, and did not amount to an expression of opinion on the facts. With respect to the criticism that the charge imposed upon the carrier the duty of exercising extraordinary care and diligence in the discovery of the open switch, we do not think that the charge is erroneous for that reason. Extraordinary care is the measure of diligence required of a railroad company towards passengers, and this degree of care in the protection of passengers applies as well to the construction

and maintenance of tracks as to the operation of cars thereon. *Macon etc. Ry. Co.* v. *Barnes,* 113 *Ga.* 212 (38 S. E. 756).

3. The plaintiff in error asks that the verdict be set aside, because the recovery was excessive. The effect of the injury, as described by the plaintiff and her physician and dentists, was such that we are unable to say that the amount fixed by the jury was excessively large. *Judgment affirmed. All the Justices concur.*