### 3683. EDERHEIMER, STEIN & CO. *v.* CARSON.

RUSSELL, J. 1. This case is controlled in principle by the decision of this court in *Haber-Blum-Bloch Hat Co.* v. *Friesleben, 5 Ga. App.* 123 (62 S. E. 712). The defendant having invoked and obtained from the referee a ruling that the plaintiff's claim was not provable in bankruptcy, and the plaintiff having acquiesced in such ruling to its prejudice, the defendant is now estopped from assuming an inconsistent position, and from asserting that the plaintiff can not recover on account of the defendant's discharge in bankruptcy.

2. As to the plaintiff's right to recover, the decision is controlled by the ruling of this court in *Ederheimer, Stein & Co.* v. *Carson, 7 Ga. App.* 304 (66 S. E. 814).                    *Judgment reversed.*

DECIDED SEPTEMBER 24, 1912.

Certiorari; from Tift superior court—Judge Thomas. August 23, 1911.

*J. B. Murrow, J. J. Murray,* for plaintiffs.
*Fulwood & Skeen, R. D. Smith,* for defendant.

---

### 3699. MOUNTAIN CITY MILL CO. *v.* WOOD & CO.

RUSSELL, J. 1. Parol evidence is admissible to explain the meaning of terms of description arbitrarily used in a contract of purchase and sale, when, without such explanation, the contract would be unintelligible, or when the court would be unable to determine, without the aid of parol evidence, the nature or character of the subject-matter of the contract.

2. The evidence being undisputed that the defendant expressly warranted that the flour sold was of a given kind and quality, the error of the court, in misstating the contentions of the defendant as set forth in its plea, was immaterial and harmless.

3. Where the vendor warrants an article to be of a certain grade and quality, and the buyer claims a breach of the warranty in these respects, the vendor is liable to the purchaser, if the article is shown to be defective or damaged, for the difference between the contract price and the true market value of the article in its defective and damaged condition.

4. No material error of law was committed, and the evidence authorized the verdict.                     *Judgment affirmed.*

DECIDED SEPTEMBER 24, 1912.

Attachment; from city court of Hartwell—Judge W. L. Hodges. July 13, 1911.

*A. G. & Julian McCurry,* for plaintiff in error.
*James H. Skelton,* contra.