## 19368. SWANN v. MORRIS.

Argued June 13, 1956—Decided July 9, 1956.

*Claude Hambrick,* for plaintiff in error.

*Wm. F. Buchanan, Newell Edenfield, Lamar W. Sizemore,* contra.

ALMAND, Justice. Fulton County Federal Savings & Loan Association sought by a petition for interpleader to require James P. Swann, temporary administrator of the estate of Mrs. E. C. Wallace, and Gussie Lou Morris, to interplead and set up their respective claims to a savings account in a stated amount held by the petitioner in the name of Mrs. E. C. Wallace, deceased. The petition set forth the respective claims of the parties, and prayed that petitioner be allowed to pay the amount held by it into the registry of the court and be discharged. On the call of the case, the defendant Gussie Lou Morris made an oral motion to dismiss the petition upon the ground that it did not state a cause of action for the equitable relief prayed, which motion the court refused. After hearing evidence, the court entered an order requiring the defendants to interplead and set up their respective claims to the savings account. To this judgment Miss Morris excepted, and that judgment was affirmed by this court, it being held that the court did not err in denying the motion to dismiss and ordering the defendants to interplead. *Morris* v. *Fulton County Federal Savings &c. Assn.*, 211 *Ga.* 900 (89 S. E. 2d 489). Thereafter the defendant Morris filed an amendment to her response, and to the amended response the defendant Swann, administrator of the estate of Mrs. Wallace, filed his demurrer, on the ground that the amended response was not sufficient as a matter of law to show that a gift of the fund in dispute had been made to Miss Morris. This demurrer being overruled, the defendant administrator by a bill of exceptions seeks a review of that judgment.

Counsel for Miss Morris contend that the ruling made when the case was here before became the law of the case, and that the sufficiency of·her answer is res adjudicata. When the case was here before, we ruled only that the petition for interpleader was sufficient as against the general demurrer of one claimant, and such ruling did not establish the sufficiency or superiority of either claimant so as to become the law of the case. *Cannon* v. *Williams,* 194 *Ga.* 808 (1) (22 S. E. 2d 838). The question now before us is whether or not the amended answer of the claimant Miss Morris is sufficient to show a gift causa mortis.

The amended answer alleges that the claimant Miss Morris was a sister of Mrs. Wallace, who died on November 20, 1954;

that on the afternoon of November 19, 1954, Mrs. Wallace, while lying in bed in her home, where she had for some time been unable to talk or write, motioned to Miss Morris to hand her her pocketbook, which Miss Morris did; Mrs. Wallace then took out of her pocketbook a deposit book representing a savings account in the Fulton County Federal Savings & Loan Association in the sum of $6,468.90, and put the book back in a paper jacket and handed it to Miss Morris and put it in Miss Morris' hand and then closed Miss Morris' hand on the book; that Miss Morris then asked Mrs. Wallace if she intended giving her the money in this savings account, and Mrs. Wallace nodded her head; that this occurred in the presence of their brother. Thereafter, Miss Morris presented a letter to an officer of the plaintiff savings association, showing such officer the savings bank share account book issued to Mrs. Wallace, and tendered this book to the officer and demanded payment of the sum stated therein, which demand was refused.

The claimant administrator contends that Mrs. Wallace being physically unable to speak or write, the allegations as to the circumstances under which the alleged gift was made are insufficient to show an intention on the part of Mrs. Wallace to make a gift of the savings account book.

"All kinds of personal property which are capable of manual delivery and of which the title either legal or equitable can be transferred by delivery may be the subject matter of a valid gift; accordingly, as to promissory notes, bills of exchange, checks, bonds, and other like choses in action, the equitable title to which may be transferred in the manner indicated, the gift may be sustained even though the instruments are delivered without indorsement or assignment." *Underwood* v. *Underwood, 43 Ga. App.* 643 (3) (159 S. E. 725). In that case it was held that a participation certificate issued by a bank and entitling the holder to a proportionate part of the proceeds of described mortgages and notes held by the bank for the benefit of the holders of such certificates may be the subject matter of a lawful gift, although under the terms of the instrument the bank bound itself to make payment only to the registered holder thereof. In *Wade* v. *Edwards, 23 Ga. App.* 677 (99 S. E. 160), it was held that a deposit book issued by a savings bank, where delivered with appropriate

words of gift by the depositor, with intention to give to the donee the deposits entered in the book, was sufficient to constitute a valid gift of the deposit without assignment in writing, and that whether such gift was made was a question of fact for the jury. See also *Jackson* v. *Jackson,* 206 *Ga.* 470 (57 S. E. 2d 602).

Intent is a state of mind, and can be determined by what one does as well as by what one says. As well stated in Hagerty *v.* Hagerty, 186 Iowa 1329, 172 N. W. 259 (4), " 'Intent' is an act or emotion of the mind, seldom, if ever, capable of direct or positive proof, but is arrived at by such just and reasonable deductions from the acts and facts proven as the guarded judgment of a reasonably prudent and cautious man would ordinarily draw therefrom." Actions sometimes speak louder than words. A facial grimace, or a gesture of the hands may convey one's thoughts with greater emphasis than spoken or written words. In Warehime *v.* Graf, 83 Md. 98 (34 Atl. 364), it was held that at an auction a wink of the eye or a nod of the head may constitute a bid. The amended response in the instant case alleges that Mrs. Wallace was unable to talk or write at the time the alleged gift was made, but from her acts and motions she had Miss Morris hand her her pocketbook, wherein she had the savings and share account book issued by the savings and loan association; that she pointed to the balance indicated in the savings book and handed the bag to Miss Morris, closing Miss Morris' hand on the book, and when asked if she was giving this account to Miss Morris, she nodded in the affirmative. Whether or not these acts on the part of Mrs. Wallace were sufficient to show an intention on her part to give the savings book to Miss Morris, and whether such acts were sufficient to show delivery within the meaning of Code §§ 48-101, 48-201, are questions for the jury. In our opinion, the response of the claimant Morris was not subject to the general demurrers of the defendant administrator.

■ The defendant administrator contends that, by virtue of Code (Ann. Supp.) §§ 16-433 and 16-439, the claimant Morris has no right to collect this account. Section 16-433 provides as to when, upon the death of a member of a building and loan association, an association may pay the redemption value of the shares. Section 16-439, after providing that the original record

of savings accounts is the record on the books of the association, and providing for the issuance of a duplicate book or certificate in the event of loss or destruction of the original, provides: "The only way an effective transfer or pledge may be accomplished is by transfer on the books of the association in the case of transfer or written notice of a pledge entered on the books of the association and acknowledged in writing in the case of a pledge." It is insisted that the claimant Morris failed to allege a transfer to herself of this account as provided by this provision of Code § 16-439. These two sections deal solely with dealings between a member or his legal representative and the association. The section dealing with a transfer or pledge is for the protection of the association and for its benefit, and does not affect the right of a member to make a valid gift of his property. See, in this connection, Brooks v. Mitchell, 163 Md. 1 (161 Atl. 261, 84 A. L. R. 547), and annotation in 40 A. L. R. 1263. In the instant case, the savings and loan association has paid the money in the account into the registry of the court, it making no contention that no transfer of the account has been made on its books, and it has no further interest in the fund, and clearly the administrator is not in position to invoke this Code section. The court properly overruled the general demurrers of the administrator.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*