40931. McGREW v. COOPER.

Decided September 23, 1964.

*Sheats, Parker & Webb, John Tye Ferguson,* for plaintiff in error.

*Hansell, Post, Brandon & Dorsey, James C. Lockwood, G. Dean Booth,* contra.

RUSSELL, Judge. ■ The court charged that the plaintiff "contends that the mother was in possession of the property at the time of her death; and that upon the probation of the will the title passed to her, the plaintiff, Caroline Cooper. That contention is denied by the defendant." The defendant did deny the latter contention but urges that the instruction is error because she "never made the contention that the mother was not in possession of the property at the time of her death, but,

to the contrary, movant's testimony expressly showed that some of the articles of personal property were in the possession of her mother." Since all parties were living together in the mother's home where the property was, the question involved was legal possession through ownership and the devolution of title. It seems clear that the instruction could not have misled the jury; they would either have taken the words "that contention" to refer to the second statement (that on the mother's death title passed to the plaintiff) or have understood the first part of the sentence as a denial by the defendant that her mother had possession *as owner* at the time of her death. The instruction was at most harmless error. *Mountain City Mill Co. v. Wood & Co.,* 11 Ga. App. 486 (2) (75 SE 823); *Wadley Southern R. Co. v. Kennedy,* 136 Ga. 440 (1) (71 SE 740).

■ An objection was sustained to the following portion of a deposition of a witness for the defendant: "Q. Now, were you ever told anything about this portrait by Mrs. John Cooper? A. On several occasions it was mentioned that . . . Mrs. Richmond in turn had given it to Mrs. McGrew as a partial . . . compensation for financial assistance rendered." In approving this ground of the motion for a new trial the court stated, "The answer did not indicate that Mrs. John Cooper is the one who gave the witness the information in the answer. The answer does not disclose who told her what she testified. I held that the answer could be true and still not bind Mrs. John Cooper as having been the author of it." Not only is this true, but the following was admitted without objection: "Who was present on the occasion on which Mrs. Cooper said that Mrs. Richmond gave the picture? A. Mrs. John Cooper was present, and Miss Caroline Cooper was present. I might say that it was mentioned that the portrait was given to Mrs. McGrew by Mrs. Richmond on several occasions, at which time Miss Caroline Cooper was present. Q. Now, this is why Mrs. Richmond gave the portrait to Mrs. McGrew, isn't that right? A. Yes. Q. And these are the things that Mrs. John Cooper told you, is that right? A. That's right."

Not only does it appear that the court's reason for excluding the answer was sufficient, but that the same testimony was later admitted without objection. This special ground is without merit.

■ The burden is upon the person alleging title by reason of gift to prove all the essential elements of the gift (intention of the donor, acceptance, and delivery) by clear and convincing evidence. *Code* § 48-101; *Upchurch v. Upchurch*, 76 Ga. App. 215 (1b) (45 SE2d 855). Where the defendant and two witnesses in her behalf testified that the mother had made statements in the presence of the plaintiff to the effect that the property in question belonged to the defendant, and the plaintiff denied that such statements had ever been made in her presence and—as to one of the witnesses—that she was even acquainted with her, the conflict in the testimony made an issue of credibility which necessarily had to be resolved by the jury; if they believed the conversations did not take place as the defense testified they did, they would have been authorized to discredit the testimony of the defendant relating to the alleged gifts. *Code* § 38-1802; *Jacobs v. State*, 71 Ga. App. 808 (3) (32 SE2d 403).

The burden remained on the plaintiff throughout the trial to prove her right to the property in the event the jury did not believe the items in question had been given to her sister. She proved a will in which her mother left all the latter's property to her; the issue is thus simply whether the decedent had title at the time of her death. Under the circumstances, title once shown in her would be presumed to continue in the absence of anything to the contrary. *Sasser v. Byrd*, 8 Ga. App. 824 (70 SE 157). Upon her death title would descend to the plaintiff. The evidence was undisputed that the articles of silver had been given to the mother around 1922. As to the family portrait, the plaintiff's testimony that when her great-aunt, the former owner, moved away "my mother brought it home and was very much pleased that the aunt had given her the portrait" is also prima facie sufficient for this purpose. Concerning the bookcase, however, the only evidence is that the parents brought it to the Juniper Street house in 1908 and it remained in their basement from then on. When it was moved in 1962 the defendant paid for having it refinished, but the plaintiff apparently reimbursed her for this expense in a check including a number of items; the reimbursement was, however, contested by the defendant. There

is some indication that the bookcase originally belonged to the paternal grandfather. There is none that it thereafter became the property of the litigants' mother to the exclusion of the father; if it belonged to their father, there is no evidence whether the latter died testate or intestate. If intestate, the mother and each of the three sisters presumably owned a one-fourth interest in it thereafter. Only the mother's share would descend to the plaintiff. The parties would thus be tenants in common, a situation which ordinarily precludes the use of trover as a means of recovering possession of property. *Adams v. Pafford*, 79 Ga. App. 477 (3) (54 SE2d 329). There is thus sufficient evidence to support the verdict as to all of the disputed property except the bookcase.

The judgment overruling the motion for a new trial is affirmed on condition that the plaintiff, without prejudice to any rights she may have as a tenant in common, write off from the recovery in this case the property described in her petition as "an early Georgian walnut bookcase having a height of approximately 7 feet, which bookcase was located at 1436 Piedmont Ave., NE., Apt. 1, Atlanta, Ga. on December 13, 1963"; otherwise, the judgment is reversed. *Wolff v. Sampson*, 123 Ga. 400 (3) (51 SE 335).

*Judgment affirmed on condition. Nichols, P. J., and Hall, J., concur.*