### 43354. BEARD, Administrator v. STEPHENS.

JORDAN, Presiding Judge. Appellee, plaintiff below, brought suit in Wilkes Superior Court against the appellant administrator of the estate of Lillia Anderson alleging that prior to the death of Lillia Anderson she made a parol gift to him of certain postal savings certificates of a value of $2,000; that after her death these certificates were turned over to the administrator to be cashed, this suit seeking to recover the proceeds of these certificates. After jury verdict for the appellee, appellant made a motion for new trial on the general grounds and a motion for judgment n.o.v., both of which were overruled, which judgments are here enumerated as error. *Held:*

"All kinds of personal property which are capable of manual delivery and of which the title either legal or equitable can be transferred by delivery may be the subject matter of a valid gift; accordingly, as to promissory notes, bills of exchange, checks, bonds, and other like choses in action, the equitable title to which may be transferred in the manner indicated, the gift may be sustained even though the instruments are delivered without indorsement or assignment." *Underwood v. Underwood,* 43 Ga. App. 643 (3) (159 SE 725); *Swann v. Morris,* 212 Ga. 460 (93 SE2d 673); *Wade v. Edwards,* 23 Ga. App. 677 (99 SE 160).

"To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by the law in lieu thereof. The intention to give must be expressed. Acceptance by the donee (being generally presumed) may be implied; and though delivery must be proved, it may be proved by circumstantial as well as by direct evidence." *Culpepper v. Culpepper,* 18 Ga. App. 182 (1) (89 SE 161).

The jury was authorized to find from the evidence that the plaintiff was in possession of the certificates prior to and

after the death of appellant's decedent. One in possession of personal property is presumed to be the owner until the contrary appears and the burden of rebutting this presumption is upon the party claiming adversely to the one in possession. *Gate City Fire Ins. Co. v. Thornton,* 5 Ga. App. 585 (63 SE 638).

Under the circumstances shown to exist in this case, the issue as to who was the real owner of the certificates was one of fact for determination by the jury.

The evidence authorized, but did not demand, a finding by the jury that all of the essentials of a valid gift had been met. The trial court therefore did not err in overruling the motion for new trial based on the general grounds and in likewise overruling the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED JANUARY 15, 1968—DECIDED JANUARY 23, 1968.

*Lawson E. Thompson,* for appellant.
*Wilbur A. Orr, Melvin P. Kopecky,* for appellee.