62636. GIBBS et al. v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION et al.

SHULMAN, Presiding Judge.

Plaintiffs (Gibbs and his realty company) sued defendants First Federal Savings & Loan Association and Standard Federal Savings & Loan Association ("S&Ls") and Roger E. Brown for conspiracy to defraud Gibbs of a real estate commission. This court reversed the trial court's grant of a directed verdict in favor of the S&Ls in *Gibbs v. Brown,* 154 Ga. App. 611 (269 SE2d 102). The new·trial proceeded against the S&Ls, the trial court having dismissed Brown from the action. At the close of plaintiffs' case, defendants moved for a directed verdict. The trial court reserved its ruling on the motions and sent the case to the jury. When the jury returned a verdict for defendants, the trial court granted defendants' motions for a directed verdict and entered judgment for defendants based on the jury's verdict and the directed verdict. Plaintiffs appeal, and we affirm the trial court's decisions.

1. Plaintiffs first complain that the trial court refused to give three written requests to charge which were based on portions of the Home Owners Loan Act of 1933, 12 USC § 1464 (d) (2) (A), (d) (3) (A), and (d) (4) (B). In order for a refusal to charge to be error, the written requests therefor must be entirely correct and accurate, and must be adjusted to the pleadings, the law, and the evidence in the case. *McKinney v. Woodard,* 94 Ga. App. 340 (1) (94 SE2d 620). While the charges were correct and accurate statements of the law, they were not adjusted to the pleadings and evidence in the case. Therefore, the trial court's refusal to give the charges was not error. Plaintiffs' assertion that the charges reflect a motive for the S&Ls to conspire to avoid payment of the commission due Gibbs does not fully address the inadequacy of the requested charges. Each charge revolves around the actions which the Federal Home Loan Bank Board is authorized to take after forming an opinion or making a determination regarding a banking activity. However, no evidence introduced at trial reflected the S&Ls' involvement in prohibited activity or a board investigation, opinion or determination made in connection with the S&Ls.

2. Plaintiffs also maintain that the trial court erred in entering judgment for defendants on the jury verdict and on the directed

verdict since the jury verdict was allegedly based upon insufficient evidence. Contrary to defendants' assertion, plaintiffs have not abandoned this enumeration. See *Haskins v. Jones,* 142 Ga. App 153 (1) (235 SE2d 630). However, after considering the enumeration and the record, we find the latter contains sufficient evidence to render the former meritless. The evidence presented at trial authorized the jury to conclude that, while the officers of the S&Ls wished to rid themselves of the loan in default and were aware of Gibbs' connection to the purchaser Brown, they did not conspire to avoid payment of a commission to Gibbs.

3. Finally, plaintiffs complain of error in the trial court's grant of defendants' motion for a directed verdict after the return of a jury verdict for defendants. The error, if any, was harmless in light of the jury verdict for defendants and this court's disposition of plaintiff's enumeration regarding the court's instructions to the jury. See *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419 (1) (249 SE2d 224).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 5, 1982 —
REHEARING DENIED JANUARY 22, 1982 —

*Jane Kent-Plaginos,* for appellants.
*Terrence L. Croft, J. Douglas Stewart,* for appellees.