### 62966. McKINNEY v. TIMBER EQUIPMENT, INC.

DEEN, Presiding Judge.
Charlene McKinney appeals from the grant of summary judgment in favor of Timber Equipment, Inc. which had brought suit against her to recover possession of a 1981 Chevrolet Corvette to which it held title. The records shows that McCord, the alleged sole shareholder of Timber Equipment, Inc., is now deceased and that some eight months prior to his death he purchased the automobile from Welborn Chevrolet. Larry Ferguson, the manager of the automobile dealership, states in his affidavit that McCord personally told him that the car was purchased for McKinney both when he ordered the automobile and when he came in later to pay for it. McCord informed Ferguson that he was putting title to the automobile in the name of Timber Equipment, Inc. for business purposes, but that the car was purchased for and belonged to McKinney. Ferguson saw McCord pick up the automobile, give the keys to McKinney, and she drove off in it. He never saw anyone but McKinney drive the vehicle. Affidavits of McCord's nephew and cousin both state that McCord indicated to them that the automobile was a gift to McKinney. The affidavit of Cynthia McKinney, McCord's former secretary, also states that the automobile was a gift to McKinney. Timber Equipment, Inc. has filed affidavits stating that the company did not give the automobile as a gift to Ms. McKinney and relies on Code Ann. § 68-411a (c): "A certificate of title issued by the commissioner is prima facie evidence of the facts appearing on it." *Held:*

We would agree with the appellee that once it has established a prima facie case of ownership by establishment of the title the defendant bears the burden to overcome the prima facie case. We believe, however, that the appellant has done so in this case. It is well

established that "[a]ll kinds of personal property which are capable of manual delivery and of which the title either legal or equitable can be transferred by delivery may be the subject-matter of a valid gift." *Underwood v. Underwood,* 43 Ga. App. 643, 644 (3) (159 SE 725) (1931); *Beard v. Stephens,* 117 Ga. App. 132 (159 SE2d 441) (1968). "To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by the law in lieu thereof. . . . The intention to give must be expressed. Acceptance by the donee (being generally presumed) may be implied; and though delivery must be proved, it may be proved by circumstantial as well as by direct evidence." *Culpepper v. Culpepper,* 18 Ga. App. 182 (1) (89 SE 161) (1916); *Beard v. Stephens,* supra. In *Law v. State,* 121 Ga. App. 106 (173 SE2d 98) (1970), this court held that when a stepfather purchased a motorcycle and gave it to his stepson, but retained legal title in his own name in order to obtain bank financing to pay for the vehicle, the evidence was sufficient to place equitable ownership and possession in the stepson.

Accordingly, we find that the trial court erred in granting summary judgment in favor of Timber Equipment, Inc.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 15, 1982.

*Roy N. Newman,* for appellant.
*S. David Smith, Jr.,* for appellee.