## 63632. FREEMAN v. FREEMAN.

SHULMAN, Presiding Judge.

Appellee Freeman brought suit against his son (appellant) in trover seeking recovery of certain personal property, including a certificate of deposit in the amount of $2,739. Appellant admitted possession of the certificate of deposit but contended it had been a gift to him from his father. At the bench trial, the father testified that appellant woke him one morning and took him to his bank, where he withdrew $2,700 of his own funds. They then went to a "federal bank," where he purchased the certificate of deposit in both their names. The father stated he had not given the certificate to appellant and had asked him for it "at least 30 times." Appellant admitted that none of his money was used to purchase the certificate and that his father had asked him "more than once" to return it, which he had refused to do. Appellant introduced in evidence the last will and testament of his mother, naming appellant and his sister as co-executors. The account from which the money was withdrawn to purchase the certificate was a joint account with the right of survivorship in the name of the father or the daughter. It had previously been in the name of the mother, the father and the daughter, and was changed after the mother's death. The court ruled in favor of the father.

1. The trial court did not err in refusing to allow counsel for appellant to question the daughter concerning an accounting of the estate, since this issue was not relevant to the action being tried. Code Ann. § 38-201. See *McConnell v. Barrett,* 154 Ga. App. 767, 769 (3) (270 SE2d 13). "Evidence of collateral issues, even though they may shed some remote light on the principal issue, are admissible only within the discretion of the trial court. [Cit.] The trial court did not abuse its discretion." *Brooks v. Fincher,* 150 Ga. App. 201, 205 (2) (257 SE2d 326).

2. "In order for there to be a valid gift there must be proof of the present intention to give, a complete renunciation of right, by the giver, without power of revocation, and a delivery of the article given or some act accepted in law in lieu thereof. [Cits.] The deposit of

money in a bank in a joint checking account or subject to demand of another where the depositor also retains the right to jointly or severally demand and receive the funds so deposited, nothing else appearing, is not such a surrender of dominion over the funds thus deposited as to satisfy the requirements of delivery for the making of a gift. *Clark v. Bridges,* 163 Ga. 542 (136 SE 444)." *Stewart v. Stewart,* 228 Ga. 517, 518 (186 SE2d 746). "The burden is upon the person alleging title by reason of gift to prove all the essential elements of the gift (intention of the donor, acceptance, and delivery) by clear and convincing evidence. Code Ann. § 48-101." *McGrew v. Cooper,* 110 Ga. App. 347, 350 (3) (138 SE2d 453). This the appellant failed to do. The rulings of the trial court that there was no gift of the certificate of deposit to appellant and that the father was entitled to it are supported by the evidence and must be affirmed. Code Ann. § 81A-152 (a).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED MAY 26, 1982.

*Thomas H. Antonion,* for appellant.
*H. Lowell Hopkins, Patrick J. McKenna,* for appellee.