65946. TIMBER EQUIPMENT, INC. v. McKINNEY.

DEEN, Presiding Judge.

Appellant, Timber Equipment, Inc., commenced this action against appellee, Charlene McKinney, to recover possession of a 1981 Chevrolet Corvette to which it held title. The trial court originally granted summary judgment for appellant but this court reversed, finding that a genuine factual issue existed as to whether Charlene McKinney was given the automobile. *McKinney v. Timber Equipment,* 160 Ga. App. 900 (288 SE2d 610) (1982).

The matter then proceeded to trial, after which the jury delivered a verdict for the appellee. The facts adduced at trial were essentially the same as those recounted in the previous decision, and will not here be reiterated. In this appeal, appellant contends that the trial court erred in failing to direct a verdict for appellant and in failing to give certain jury charges. *Held:*

1. Directed verdict is appropriate where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. OCGA § 9-11-50 (a) (Code Ann. § 81A-150). Where the evidence strongly supports but does not demand a certain verdict, the factual determination remains for the jury. *Green v. Housing Auth. of Atlanta,* 164 Ga. App. 205 (296 SE2d 758) (1982); *Barber v. Atlas Concrete Pools,* 155 Ga. App. 118 (270 SE2d 471) (1980). The trial court's function in ruling on a motion for directed verdict is analogous to the function it performs when ruling on a motion for summary judgment; the essence of both motions is that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Standard Accident Ins. Co. v. Ingalls Iron Works Co.,* 109 Ga. App. 574 (136 SE2d 505) (1964); *McCarty v. Nat. Life & Acc. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408) (1962).

In this case's earlier appearance before this court, upon considering essentially the same facts as before us now, we concluded that summary judgment for appellant was inappropriate. That circumstance alone would not preclude a subsequent directed

verdict, since denial of a motion for summary judgment decides nothing except that under the evidence considered at that time there can be no judgment rendered as a matter of law. *Graham Bros. Constr. Co. v. Seaboard Coast Line R. Co.,* 150 Ga. App. 193 (257 SE2d 321) (1979); *Ellington v. Tolar Constr. Co.,* 142 Ga. App. 218 (235 SE2d 729) (1977). Nevertheless, despite the greater quantum of evidence presented by appellant at the trial concerning its corporate structure and the authority of C. L. McCord as its sole shareholder and president, there remained appellee's evidence either showing the authority of McCord to make a gift of the vehicle or piercing the corporate veil. As we found that evidence to create genuine factual issues sufficient to prevent summary judgment, we here find it sufficient to withstand a motion for directed verdict.

2. Appellant's remaining enumerations concern the trial court's failure to give certain requested jury charges. We find no error in the omissions.

Appellant asserts that the appellee's failure to object to the placement of the vehicle's title in appellant's name at the time of the purchase of the vehicle authorized a charge to the jury that acquiescence or silence when circumstances require an answer, denial or other conduct, may amount to an admission. The circumstances, however, did not require an answer or denial, where the appellee understood the arrangement to be for tax purposes. The trial court properly refused to give this requested jury charge because it was not adjusted to the evidence. *Valdosta Housing Auth. v. Finnessee,* 160 Ga. App. 552 (287 SE2d 569) (1981); *Roberson v. Hart,* 148 Ga. App. 343 (251 SE2d 173) (1978).

The other requested charges concerned the rights and liabilities of a corporation as a legal entity separate from any natural person(s) who own or control it, even where one person is the sole shareholder, director and president of the corporation, and cautioned against disregarding the corporate entity. The trial court's refusal to give these charges was error only if the requested charges were entirely correct and accurate, and adjusted to the pleadings, law and evidence of this case. *Gibbs v. First Fed. Sav. & Loan Assn.,* 161 Ga. App. 27 (289 SE2d 1) (1982).

We are not persuaded that the requested charges were sufficiently adjusted to the pleadings and evidence as to make their omission error. The direct issues presented by this case were whether C. L. McCord, as appellant's sole shareholder and president, either had corporate authority to make a gift of the automobile to appellee or had so disregarded the corporate entity as to make it a mere instrumentality for transacting his own affairs. The trial court appropriately instructed the jury that it could hold for the appellee

only if it found that one of those two situations had existed. The charges requested by appellant regarding the corporate entity actually were unnecessary since there was no question that a corporation has legal rights and liabilities separate from the natural person(s) who controls it, and the trial court was not required to charge on such provisions of law about which there was no issue. *Sizemore Security Intl. v. Lee,* 161 Ga. App. 332 (287 SE2d 782) (1982).

*Judgment affirmed. Shulman, C. J., McMurray, P. J., Quillian, P. J., Banke, Birdsong and Pope, JJ., concur. Carley and Sognier, JJ., dissent.*

DECIDED MAY 26, 1983 —

S. David Smith, Jr., for appellant.
Roy N. Newman, for appellee.

CARLEY, Judge, dissenting.

I respectfully dissent from that portion of Division 2 of the majority opinion which finds no error in the trial court's failure to charge, upon written request, that "acquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission." OCGA § 24-3-36 (Code Ann. § 38-409). The majority finds no error in the refusal to charge appellant's written request, because, in the opinion of the majority, "the circumstances, ... did not require an answer or denial, where the appellee understood the arrangement to be for tax purposes." Thus the majority holds that the charge requested was not adjusted to the evidence.

On the contrary, while the charge may not have been adjusted to *appellee's* evidence, there was certainly clear evidence that the appellee was silent at the time she became aware of the placement of the vehicle's title in the appellant's name. This "acquiescence or silence" is amply demonstrated by the following portion of appellee's testimony on cross-examination:

"Q Okay. Now, you knew at the time that the title was made out that Mr. McCord who was the president of Timber Equipment asked that it be put in Timber Equipment Company, Inc., is that right?

A Yes, he did.

Q All right. And you knew that the title to this automobile was not in your name, is that right?

A I thought we were to get married, so, yes, sir.

Q Yes, Ma'am. If you would please answer the question, then you can offer any explanation you want to, but please answer the question.

A Yes, I knew that.

Q You did? Okay. And you never asked Mr. McCord to put the title of the car into your name, did you?

A No.

Q All right. And you were present during the transaction, and you did not voice any objection to the title being placed in the name of Timber Equipment, Inc.?

A No."

Earlier, on direct examination, appellant had "explained" her silence by saying ". . . I didn't object to [the taking of title in the company name] because I had assumed that we were getting married . . . and I saw no need for the title to be in my name." It is true that, when asked if the deceased "ever made mention to you of why he put this car in the name of Timber Equipment Company," she responded: "To keep from having to pay taxes; as a business write-off." However, she did not state when the deceased so informed her of his reason for having the title in the corporate name. In any event, this was merely her explanation for her silence and it is for the jury — not the trial court or this Court — to accept or reject that explanation. Thus, the jury should have been charged in the language of the code section so that the jury could determine whether appellant's "acquiescence or silence" was satisfactorily explained or amounted to an admission. Since the trial court refused to give this written request, it is my opinion that this was reversible error requiring a new trial.

I am authorized to state that Judge Sognier joins in this dissent.