74271. SMITH et al. v. FLEMING.
(358 SE2d 900)

BANKE, Presiding Judge.

Acting as executor of the estate of Rachel M. Bradford, appellee sued the appellants, Franklin and Beula Smith, to collect the balance allegedly owed by them on an indebtedness evidenced by a promissory note. The Smiths counterclaimed for injunctive relief to prevent the appellee from interfering with their alleged right to recover the proceeds of certain savings accounts established by the decedent. The trial court granted summary judgment to the appellee on the main claim and denied summary judgment to the appellants on the counterclaim. This appeal followed.

It was established that the Smiths had received various amounts of money from the decedent during her lifetime and that Mr. Smith had drafted and delivered to her a document entitled "note" setting forth these amounts and promising to repay the money, in the total sum of $39,522.87. The Smiths made five monthly payments pursuant to the terms of this "note" prior to the decedent's death but ceased making such payments at that time. The Smiths contend the alleged note is unenforceable because it was not signed and further contend that the decedent either intended the money to be an outright gift or, in the alternative, intended for any remaining indebtedness to be forgiven upon her death.

With respect to the claim involving the savings accounts, it was shown that the decedent had completed "change of information" cards on five accounts she owned at a savings and loan institution, thereby redesignating the accounts as being owned jointly by herself

and Mrs. Smith. However, it was further shown that she had never completed signature cards reflecting these changes. None of the account agreements contained language expressly creating a survivorship interest; and the bank accordingly refused payment to the Smiths. *Held*:

1. We initially observe that even if the loan document did not constitute a promissory note, the appellee would still be entitled to summary judgment for money had and received if the evidence showed conclusively that the money was intended as a loan rather than a gift. An appellate court in reviewing a lower court decision will affirm a judgment which is right for any reason. See *Collins v. Mc-Phail*, 213 Ga. 626 (100 SE2d 445) (1957).

Regardless of whether the loan document qualifies as a promissory note, it certainly constitutes evidence of an agreement between the parties "the intent of which is clearly discernible." *Daniels v. Allen*, 118 Ga. App. 722, 726 (165 SE2d 449) (1968). The document, which was admittedly prepared by Mr. Smith, clearly evidenced an intent that the money was to be repaid, with interest. The trial court was entitled to reject as self-serving the Smiths' testimony that the decedent intended the money as a gift rather than a loan. Accord *Belote v. Belote*, 167 Ga. App. 8, 10 (5) (306 SE2d 24) (1983).

A valid inter vivos gift requires three elements: Intention to give the gift, acceptance, and delivery. See OCGA § 44-5-80. The burden is on the party claiming the gift to prove all of the essential elements of a gift by clear and convincing evidence, although acceptance is presumed unless a contrary result is shown. See OCGA § 44-5-81; *Freeman v. Freeman*, 162 Ga. App. 433 (291 SE2d 770) (1982). The Smiths themselves obviously did not consider the money to be a gift, for they paid five monthly installments towards its repayment in accordance with the schedule set forth in the loan document prior to the decedent's death. Their purported evidence that the loan was to be forgiven upon the decedent's death was also properly rejected, as it was shown that the decedent left a will which contained no mention of such an intention; and it is well established that a valid, unambiguous will cannot be altered by evidence. See OCGA § 53-2-94; *Hall v. Beecher*, 225 Ga. 354 (168 SE2d 581) (1969). For these reasons, we hold that the trial court did not err in granting the appellee's motion for summary judgment for the balance owing on the loan indebtedness.

2. The appellants next aver that the trial court erred in denying their motion for summary judgment with respect to the issue of the ownership of the savings account deposits. It is apparent from the record that the savings account deposits which the appellants seek to recover in their counterclaim are not in the possession of the appellee but are still in the possession of the savings and loan association. It is

also apparent, from the appellants' brief, that the savings and loan association has filed a separate interpleader action, which is still pending, seeking to determine how to dispose of these funds. To the extent the appellants seek to recover these proceeds in the present action, the trial court was clearly not in a position to grant such relief, since the savings and loan association is not a party to the present action. Consequently, the trial court did not err in denying the appellants' motion for summary judgment with respect to this claim.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JUNE 17, 1987.

*Joseph H. Fowler*, for appellants.
*Herbert P. Schlanger*, for appellee.