## A90A0613. BOYCE v. MURRAY.
### (395 SE2d 255)

BANKE, Presiding Judge.

The administratrix of the estate of the appellee's deceased mother brought this action to recover approximately $60,000 which the appellee had retained from the sale of certain real property his mother had owned. The appellee had sold the property in November of 1984, prior to his mother's death, pursuant to a power of attorney she had given him in June of 1982. The mother's mental condition had deteriorated in the interim; and within a few weeks after the property was sold, she was confined to a nursing home.

The case has been tried twice. During the first trial, the appellee took the position that he was entitled to the proceeds from the sale as reimbursement for certain expenses he had incurred on his mother's behalf and as compensation for certain services he had performed for her. The trial court directed a verdict against him on this claim and instructed the jury that the only issue was how much he owed the estate. Contrary to the court's instructions, however, the jury failed to return a verdict against the appellee in any amount; and the trial court accordingly granted a motion by the administratrix for a new trial. The appellee filed a direct appeal to this court from that order, but that appeal was dismissed on the ground that the order was interlocutory. See *Murray v. Rozier,* 186 Ga. App. 184 (367 SE2d 886) (1988). The original administratrix died during the course of these proceedings, and prior to the retrial of the case the appellant herein was named as substitute administratrix over the appellee's objections. See *Brannen v. Boyce,* 190 Ga. App. 385 (378 SE2d 743) (1989).

During the second trial of the case, the appellee took the position that his mother had given him the land in question before he sold it or, in the alternative, that she had given him the proceeds from the sale after he sold it. Asked during the trial whether he had deposited the sale proceeds into a joint bank account which he maintained with his mother, the appellee was unable to recall; however, it was shown that he had previously testified during a deposition that this was "probably" what he had done with the money, adding: "I had been putting my monies with her monies for 40 years." *Held:*

1. "To constitute a valid parol gift of land, it is necessary not only that the donee should take possession under the gift, but that he should make valuable improvements thereon upon the faith of the do-

nor's promise, or declared intention, to make the gift." *Foskey v. Dockery*, 241 Ga. 26, 27 (243 SE2d 70) (1978). (Citations and additional quotation marks omitted.) As there was no evidence that the appellee had ever taken possession of the property in question or made valuable improvements to it, it follows that there was no evidentiary basis for a finding that decedent had conveyed the land to him as a gift prior to its sale.

Nor was there evidentiary support for a finding that the decedent had made the appellee a gift of the proceeds from the sale of the property. "A valid inter vivos gift requires three elements: Intention to give the gift, acceptance, and delivery. See OCGA § 44-5-80. *The burden is on the party claiming the gift to prove all of the essential elements of a gift by clear and convincing evidence*, although acceptance is presumed unless a contrary result is shown." *Smith v. Fleming*, 183 Ga. App. 342, 343 (1) (358 SE2d 900) (1987). (Emphasis supplied.) Accord *Gregory v. Gregory*, 252 Ga. 154 (312 SE2d 313) (1984).

The appellee presented no evidence whatever that the decedent had "delivered" the sale proceeds to him. " 'The deposit of money in a bank in a joint checking account or subject to the demand of another where the depositor also retains the right to jointly or severally demand and receive the funds so deposited, nothing else appearing, is not such a surrender of dominion over the funds thus deposited as to satisfy the requirements of delivery for the making of a gift. (Cit.)' " *Freeman v. Freeman*, 162 Ga. App. 433, 433-434 (291 SE2d 770) (1982).

With respect to the issue of the decedent's intention, the only evidence that she desired for the appellee to keep the proceeds from the sale consisted of his own self-serving testimony to that effect. However, it is apparent without dispute that the decedent was suffering from diminished mental capacity by the time the property was sold, to the point where, according to the appellee, she had to be strapped to a chair at night; and it is further evident that the appellee was in a position of dominance and control over her at this time. For these reasons, as well as because he was acting as her attorney-in-fact in selling the land, he clearly owed her a fiduciary duty of utmost loyalty and good faith in connection with the transaction. See generally OCGA § 23-2-58; *Harrison v. Harrison*, 214 Ga. 393 (1) (105 SE2d 214) (1958); *Fletcher v. Fletcher*, 242 Ga. 158, 160 (2) (249 SE2d 530) (1978).

" 'When such a relationship of dominance of one party exists, . . . as is ordinarily the case where there is a fiduciary or confidential relation between the parties, . . . it raises a presumption of undue influence and throws upon the dominant party the burden of establishing the fairness of the transaction and that it was the free act of the other party.' " *Trustees of Jesse Parker Williams Hosp. v. Nis-*

*bet*, 191 Ga. 821, 842 (14 SE2d 64) (1941). Under the circumstances, we conclude that the appellee's uncorroborated testimony that his mother had intended for him to keep the proceeds from the sale was insufficient to meet this burden. Compare *Swain v. C & S Bank of Albany*, 258 Ga. 547, 550 (2) (372 SE2d 423) (1988). For this reason, as well as because there was no evidence of any "delivery" of the sale proceeds to the appellee, we hold that the trial court erred in denying the appellant's motion for directed verdict.

2. The foregoing holding renders it unnecessary for us to reach the appellant's remaining enumeration of error.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 25, 1990.

*W. Vincent Settle III*, for appellant.

*Houston & Golub, Francis Houston, Phillip N. Golub*, for appellee.