A92A0529. MASHBURN v. WRIGHT.
(420 SE2d 379)

SOGNIER, Chief Judge.

Arthur Wright brought suit against Carolyn Mashburn, as executor of the estate of Charlie V. Wright, to recover $55,621.42, the amount of a redeemed certificate of deposit that Wright alleged had been gifted to him by the decedent. The jury returned a verdict in favor of Arthur Wright, and Mashburn appeals.

The evidence established that appellant's decedent (hereinafter "Wright") learned in the fall of 1989 that he had cancer. Wright's wife and only child had predeceased him; appellee was his sole surviving sibling. A year earlier he had executed his will, leaving his house to appellant, his automobile to his long-time companion, Bessie Addleton, and the remainder of his estate, including certificates of deposit, to 12 friends and relatives, naming appellee's children but not appellee. Addleton testified that two months before his death in December 1989, Wright had stated to her that "maybe I should have left [appellee] a little something, but he gets over $2,600 a month retirement and he'd just throw it away."

Appellee testified that he was at Wright's home on September 30, 1989, Wright's 70th birthday, and that Wright retrieved a large envelope that had been attached to the bottom of a kitchen cabinet drawer. Appellee testified that Wright handed him the certificate of deposit that was in the envelope and stated, "this is yours, I want you to have it." Wright told appellee the certificate would mature in February and stated to appellee that they would go to the bank and then he was "going to sign it over to me [appellee]." Appellee testified he made the decision to put the certificate back into the envelope and leave it stapled to the kitchen cabinet drawer in Wright's house be-

cause "[i]t was just as safe there as it would be anywhere that I kn[e]w of." No one else witnessed this event, and the evidence was uncontroverted that neither Wright nor appellee mentioned this transaction to anyone else in the remaining months of Wright's life. There was no evidence that Wright was suffering from any diminished mental capacity or that appellee was in a position of dominance and control over him at the time of the gift. On cross-examination, appellant acknowledged that she would believe that statements appellee made under oath were true.

Wright's certificate of deposit stated on its face that it could not be pledged, transferred, or assigned to any party other than the issuing credit union, and the employee of the credit union who assisted Wright when he purchased the certificate in February 1989 testified that she informed Wright at that time that he could list a beneficiary to avoid tying up the proceeds in court should Wright die before it matured, but that Wright declined to do so.

Appellant contends the trial court erred by denying her motions for directed verdict and judgment n.o.v. because appellee failed to carry his burden of proving by a preponderance of the evidence that Wright made a valid gift to him of the certificate of deposit.[1] The standard for granting a motion for directed verdict is the same as that governing judgment n.o.v., *Famiglietti v. Brevard Medical Investors*, 197 Ga. App. 164 (1) (397 SE2d 720) (1990), and we will affirm the trial court unless there is no evidence to support the jury's verdict. Id.

"To constitute a valid inter vivos gift, (1) the donor must intend to give the gift; (2) the donee must accept the gift; and (3) the gift must be delivered or some act which under law is accepted as a substitute for delivery must be done. OCGA § 44-5-80. The party seeking to prove title by gift must do so by clear and convincing evidence. [Cit.]" (Punctuation omitted.) *Parker v. Peavey*, 198 Ga. App. 694, 696 (2) (403 SE2d 213) (1991). Because we find that the evidence authorized, but did not demand, a finding by the jury that appellee carried his burden of proof and established all the essentials of a valid gift, it follows that the trial court did not err by denying appellant's motions for j.n.o.v. and new trial. See *Beard v. Stephens*, 117 Ga. App. 132, 133 (159 SE2d 441) (1968).

First, we do not agree with appellant that appellee's testimony regarding statements made to him by the deceased, albeit uncorroborated and self-serving, cannot serve to support the jury's verdict. The statements by Wright were admissible as an exception to the hearsay rule under the criteria set forth in *Chrysler Motors Corp. v. Davis*,

---

[1] We note that the gift in issue was not the certificate of deposit itself but the money that the certificate of deposit represented. *Ward v. Sebren*, 242 Ga. 782 (1) (251 SE2d 524) (1979).

226 Ga. 221, 224-225 (1) (173 SE2d 691) (1970), in that Wright's death created the necessity for the admission of the statements, and a circumstantial guaranty for the trustworthiness of Wright's statements was provided by the fact that the statements were against his own interest, i.e., Wright was consciously divesting himself of ownership of the certificate of deposit. OCGA § 24-3-8; see generally *State Farm &c. Ins. Co. v. Great Am. Ins. Co.*, 164 Ga. App. 457, 458-460 (1) (297 SE2d 355) (1982); compare *Chrysler Motors*, supra at 225-226. The fact that Wright's statements were in the best interest of the propounding witness, appellee, is not relevant to the admissibility of the declarations in question "because circumstances indicating that a witness has an interest in the case . . . should merely go to the credibility of the witness, not to the admissibility of the declarant's statement. As with all questions of witness credibility, opposing counsel has the right to draw the jury's attention to these circumstances through cross-examination of the witness and argument to the jury." *Swain v. C & S Bank of Albany*, 258 Ga. 547, 550 (1) (372 SE2d 423) (1988). In *Swain* the Supreme Court expressly overruled the holding in *Irby v. Brooks*, 246 Ga. 794 (273 SE2d 183) (1980) that the interest of the propounding witness was a relevant factor in ascertaining trustworthiness as a threshold question of admissibility, thereby reversing sub silentio those cases relying on that proposition such as *James v. Elder*, 186 Ga. App. 810, 811 (368 SE2d 570) (1988); *NeSmith v. Ellerbee*, 203 Ga. App. 65, 67 (2) (416 SE2d 364) (1992). Contrary to appellant's contention, the holding in *Boyce v. Murray*, 195 Ga. App. 746 (395 SE2d 255) (1990), is distinguishable from the case sub judice in that the donor in *Boyce* was mentally infirm and was under the donee's control at the time the alleged gift was made.

Next, appellant argues the jury's verdict must be reversed because the restrictions placed by the issuing credit union on the legal assignment of the certificate of deposit rendered it incapable of being transferred by Wright to appellee in the manner described by appellee. We do not agree. " 'All kinds of personal property which are capable of manual delivery and of which the title *either legal or equitable* can be transferred by delivery may be the subject matter of a valid gift; accordingly, as to promissory notes, bills of exchange, checks, bonds, and other like choses in action, the equitable title to which may be transferred in the manner indicated, the gift may be sustained even though the instruments are delivered without indorsement or assignment.' [Cit.]" (Emphasis supplied.) *Swann v. Morris*, 212 Ga. 460, 462 (93 SE2d 673) (1956). A certificate of deposit is a subsisting chose in action. *Ward v. Sebren*, 242 Ga. 782 (1) (251 SE2d 524) (1979). "[A] certificate of deposit, payable to the order of the depositor or to the bearer, is the subject of a gift either inter vivos or causa mortis . . . [a]nd it makes no difference that the certificate of deposit . . . ,

although payable to the order of the donor, has not been endorsed by him. If such chose in action has in fact been delivered to the donee by the donor, and intended thereby as a gift, the donee acquires an equitable title which is complete and can be enforced. [Cit.]" *Philpot v. Temple Banking Co.*, 3 Ga. App. 742, 747-748 (60 SE 480) (1908). Thus, although the unambiguous language on the certificate in issue prevented Wright from *legally* assigning the certificate to anyone other than the credit union, see generally *Henry v. Cobb Bank &c. Co.*, 151 Ga. App. 725, 726 (261 SE2d 459) (1979), rev'd on other grounds, 246 Ga. 225 (271 SE2d 444) (1980), as a matter of law that non-assignability did not prevent appellee from acquiring as a gift from Wright an *equitable* interest in the funds represented by the certificate. *Philpot,* supra. Our holding in this regard follows a well-established line of case law in which the appellate courts of this state have recognized that legal restrictions on the assignability or exchange of ownership of certain choses in action are for the benefit and protection of the issuing institution, and do not prevent the making of a valid gift of the chose in action by a delivery that does not comport with the legal conditions placed on the chose. See, e.g., *Swann,* supra, in which the donor gave the donee a deposit book representing a savings account at a savings and loan association. The association refused the donee's demand for payment and subsequently filed an interpleader action naming the donee and the administrator of the donor's estate to set up their claims to the funds. The Supreme Court rejected the administrator's argument that there could be no gift because the transfer did not comply with statutes regulating transactions between such associations and association members, stating that the statutes were "for the protection of the association and for its benefit, and [do] not affect the right of a member to make a valid gift of his property. [Cits.] In the instant case, the savings and loan association has paid the money in the account into the registry of the court, . . . and it has no further interest in the fund, and clearly the administrator is not in position to invoke this Code section." Id. at 464. See also *Underwood v. Underwood*, 43 Ga. App. 643 (159 SE 725) (1931), where in a suit brought by the donor's administrator against the donee to recover the proceeds of a participation certificate issued by a bank entitling the holder to a proportionate share of the proceeds of certain mortgages, we held: "if the [donor] did in truth execute and deliver the gift, as claimed by the [donee], the [donee] thereby obtained such a right of possession as would defeat the administrator's action of trover, *regardless of whether the [donee] may have acquired such legal title as would authorize her to proceed by suit in her own name* against the obligors in the choses in action [represented by the participation certificate]." (Emphasis supplied.) Id. at 645 (6).

We do not agree with appellant that the evidence demanded a finding that Wright did not possess the present intent of making a gift to appellee. Given appellee's testimony that Wright handed him the certificate of deposit and told him that the certificate was appellee's and that Wright wanted appellee to have it, there was some evidence from which the jury could have found that Wright intended to part immediately with the certificate. Thus, the jury was entitled to reject appellant's argument that Wright's statement to appellee that he "was going to sign" the certificate over to appellee constituted evidence that Wright did not possess the present intent of making a gift to appellee of the certificate at the time of the delivery, and was authorized instead to find that Wright's words were made for the express purpose of more effectually carrying out Wright's intention that appellee receive as a gift the funds represented by the certificate. See *Philpot*, supra at 749.

Appellant's reliance on our recent opinion in *NeSmith*, supra, is misplaced. The holding in that case was based on the fact that the donee's own testimony established that the donor had no intention of making a present gift of the certificates of deposit in issue. Our discussion of the effect the *legal* negotiability of the certificates in issue had on the making of a valid gift was mere dicta, and we neither overruled nor questioned the holding in *Philpot* as it pertains to the case sub judice.

Finally, appellant argues that the jury verdict cannot be maintained because even assuming the certificate of deposit was delivered to appellee, Wright's retention thereafter of the certificate on which he was the named owner required the jury to find as a matter of law that Wright had not relinquished control over the certificate. We do not agree. "It is generally settled that there must be a present intention to give, full completion and execution of the gift by the donor, and acceptance of the gift by the donee, and furthermore that the donor must have renounced all dominion over the subject-matter of the gift, in order to make the transaction binding . . . ." *Clark v. Bridges*, 163 Ga. 542, 545 (136 SE 444) (1926). "When it appears that the donor has relinquished all dominion and control over the property as owner and parted absolutely with title, the mere fact that the donee allows possession to remain with the donor will not necessarily defeat the gift. [Cit.]" *Hall v. Simmons*, 125 Ga. 801 (1) (54 SE 751) (1906). Under the circumstances in this case, it was a question of fact for the jury to determine whether Wright had in fact relinquished control by the gift, see *Williams v. McElroy*, 35 Ga. App. 420, 421 (2) (133 SE 297) (1926), and although the evidence did not demand the verdict, the jury was authorized to believe appellee's testimony that the certificate was in Wright's home only because appellee left it with Wright for safekeeping and conclude from this and other evidence

that Wright had unconditionally and completely surrendered dominion over the certificate of deposit during his life. Compare *Clark*, supra at 545-546 (no irrevocable surrender of deposited funds occurred where depositor/donor retained unlimited right to check against account).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 29, 1992.

*Adams & Hemingway, W. W. Hemingway, David A. Garland,* for appellant.

*Hall, Bloch, Garland & Meyer, J. Ellsworth Hall III, Benjamin M. Garland,* for appellee.